## COMMISSIONERS of KENSINGTON *v.* WOOD.

The commissioners of a district who are authorized to grade and pave a public street, are liable for injuries accruing to a private right of way, down which the water from the street is thereby diverted; for they are bound to make proper provisions for carrying off the waste water.

The tenant or occupier is entitled to recover for the damage to his occupancy, without regard to his title; and a recovery in such action will bar all others for the same cause.

An offer to construct a culvert for the purpose of carrying off the water rejected by the plaintiff, is a bar to a recovery for any injury which would thereby have been prevented.

Consequential injuries to property, to which a private alley is not appurtenant, are inadmissible in evidence in an action for a nuisance destroying the use of the alley.

A plan of the district of Kensington, under the act of incorporation, is complete on its approval by the court, though it be not recorded pursuant to the act.

And proceedings in the Quarter Sessions, assessing damages to the plaintiff, by reason of the opening of the alley laid out on the plan for public use, is evidence of a lawful taking for public use, although it is not shown that the damages have been paid.

In error from the District Court of Philadelphia.

*Feb.* 15. This was an action on the case for a nuisance. Plea, not guilty, and justification that the injury was consequent on the grading of Penn street, under the act of Assembly. The facts material to the questions arising on the record were as follows: The plaintiff proved that she occupied the premises bounded by an alley, and also a boat-yard and wharf adjoining, to which access was had by the alley. That the defendants, in grading and paving Penn street, had so arranged the level that the water from the street passed down the alley, doing great damage to it, and thus destroying the access to the wharf and boat-yard adjoining.

The defendants gave in evidence a conveyance to the late husband of plaintiff for the property adjoining the alley, which was therein described as an appurtenant, and one of the questions was, whether evidence of damages to the wharf and boat-yard, by reason of the injury to the alley, was admissible, it not being shown

it was appurtenant to them.    The plaintiff and her children resided in this house.

The defendants further gave evidence that the grading of Penn street was in accordance to a plan of the district, made under the act of incorporation, and they offered to show they had offered to make a culvert under the alley, or to make a gutter down it, which plaintiff refused to permit.    The court rejected this evidence.

The defendants also gave in evidence the plan of the district, approved by the court, under the act of incorporation, though it had not been recorded as therein directed until after this suit brought.    On this plan the alley in question was set down as a public alley.    They then offered in evidence the proceedings in the Quarter Sessions, praying damages to be assessed for the opening of this alley, on which damages were assessed to the present plaintiff, having proved by the present clerk that the papers in question constituted the whole of the record in the case: but the court rejected the evidence.

His honour (FINDLAY, J.) instructed the jury the plaintiff was entitled to recover for the injury to her occupation, without regard to her title; that it was the duty of the commissioners to have provided means to discharge the water of the street so as not to injure the alley; and that there had been no evidence of proper proceedings to apply defendant's property to a public use, which would bar the action.

*E. D. Tarr* and *C. Fallon*, for plaintiff in error.—The commissioners are not liable for consequential injuries to the plaintiff's land by reason of grading and paving the public streets.    These are established by law, and the defendants were bound to carry out the plan: 9 W. 382; 4 W. & S. 514; 8 W. & S. 85.    If, however, they are liable, clearly the offer to avoid all injury by constructing a culvert was evidence in mitigation of damages.    The evidence of injury to the property occupied by plaintiff, but to which the alley was not appurtenant, was clearly inadmissible: 1 Whart. 323; 5 W. & S. 129; and it is presumed that the plaintiff comes in under the registered title (6 S. & R. 185), in which case plaintiff had but a right of dower, the estate being in her children; which is not at all inconsistent with her occupying the premises with them.    The proceedings in the Quarter Sessions were evidence of a lawful appropriation of the alley to a public use: 1 Barr, 309.

*V. L. Bradford*, contrà.—The defendants are liable for causing

a nuisance, for they are bound so to exercise their rights as not to injure private property: 4 T. R. 794; 6 Taunt. 29; 3 Willes, 461; 16 East, 215; 1 Ad. & E. 493; 3 Bing. N. C. 34; 6 C. & P. 754; 4 S. & R. 17; 1 Pick. 418. Nor was the offer to construct a sewer evidence, for until the alley was taken for public use, it could not thus be used. That it was not so taken is clear, because, until the plan of the district was recorded, it was not laid out for that purpose, and hence the subsequent proceeding to assess the damages was a nullity, especially as it was not shown that the damages had ever been paid: 2 Whart. 286. The plaintiff here did not seek to recover on the ground of title, but of occupation merely, and hence the cases cited do not apply.

*March* 5. ROGERS, J.—To support this action, which was for a nuisance, caused by the grading and paving of Penn street, it was only necessary for the plaintiff to prove that she was in the actual possession of the premises. If she were a mere lessee, she would be entitled to recover by reason of her occupation; though the fee was in another; and though she occupied the premises without any other title, she would be entitled to recover. In pursuance of these principles, which are undoubted, the court properly instructed the jury, that there was evidence of occupation and enjoyment to be submitted to their determination, and the jury have found that point in her favour. In what manner the damages may be distributed between the plaintiff and her children, is of little consequence to the defendant; for, if the point be as they have found, the corporation cannot be harassed with another action for the same cause. We see no reason, therefore, for reversing the judgment on that exception. If the damages are excessive, the injury can only be rectified on a motion for a new trial.

It is contended the defendants are not liable as a corporation for a consequential injury arising from grading and paving the street, according to the plan of the district: and this is the main point in the cause. The original plan was in evidence, in which an express reference is made to the alley as part of the plan. In connexion with this evidence, the defendants proposed to prove that they offered to pave the alley, and lay a pipe or culvert, or make a gutter down it, at the expense of the defendants, which was refused. This evidence, although improperly rejected, must be taken as true, in connexion with this point. It cannot be controverted, that the defendants are liable for any injury arising

from the unskilful, improper, insufficient, and inartificial manner in which the work is done. This is not denied; but the defendants insist, that when they pursue the plan, and proceed in a workmanlike and skilful manner, they are not liable to consequential damages; and that, inasmuch as they offered to make the culvert, and were prevented from doing so, it is *damnum absque injuria*. The only question would seem to be, had they authority to pitch and pave the street in the manner they have done:—to make a gutter to carry off the water down the alley; did they offer to do so, and was that offer refused by the plaintiff? An offer to perform is equivalent to performance; and, when refused, it answers to a claim for damages. These principles are settled in Green *v.* Borough of Reading, 9 W. 382; The Mayor *v.* Randolph, 4 W. & S. 516, and in other cases.

In opposition to this view of the case, the plaintiff insists, that there was no plan of the district in existence at the period of the grievances complained of, nor until long after the commencement of this suit; that it was not recorded until after that time, and, until it is recorded, it is no plan—that recording is a prerequisite to a compliance with the directions of the act. We do not so understand the 18th section of the act of the 6th March, 1820, incorporating the district. The act provides that the Court of Quarter Sessions are in the first place to judge and determine on the plan, or alterations of the plan and survey. That they shall afterwards, that is, after such a decree, direct it to be recorded. The word "thenceforth" refers to the decree of the court, and not to the subsequent direction that it be recorded. After the decree, it is a plan of the district, notwithstanding the corporation neglect their duty. Whether the Court of Quarter Sessions would have the power to alter the plan before it was recorded, it is unnecessary to determine, as that point does not arise. The last clause we consider as directory, although we cannot help remarking, that it evinces great negligence in the officers of the district, in failing to comply with the plain injunctions of the act.

The court also erred in ruling out the exemplification of the proceedings of the Quarter Sessions. It was certified by the proper officer to contain a full copy of the record and proceedings, so far as the record remained in his office. The exemplification was evidence that it was taken, opened, and considered as a public alley and water-course, and damages had been regularly assessed by a jury, under the direction of the court; that damages were awarded to the present plaintiff and Mrs. Shreeve; that the latter

filed exceptions, that she afterwards withdrew them, when the report was confirmed by the court. It also appears that Mrs. Wood, who had notice of the proceeding, for so the jury stated, never filed any exceptions whatever. It is said, the damages have not been paid; but that is no objection: they have been assessed, and that is enough for the present purpose. When private property is taken for public use, it is not necessary that the compensation to the owner should be actually ascertained and paid before the property is appropriated; but it is sufficient, if an adequate remedy is provided by which he can obtain compensation without any unreasonable delay. Here the compensation was ascertained: and whose fault it was that it was not paid, it is not difficult to conjecture: Pittsburgh *v.* Scott, 1 Barr, 309.

If this was the plan, the officers of the corporation had no discretion: they were bound to pursue it at the risk of being treated as trespassers. If they pursued the plan, or offered to pursue it, and were prevented by the plaintiff, they are not liable, except for want of skill, or negligence in the performance of the act.

We are further of opinion, that the plaintiff is not entitled to damages for a nuisance to the alley, except so far as regards the property conveyed by George Sheaff to Isaac Wood, to which alone the alley is appurtenant. As occupier or owner of the adjoining houses, she cannot claim damages for an obstruction or nuisance to property in which, as such owner, she had no interest. So far as this property not adjoining the alley, was directly injured in consequence of the alleged nuisance, they have a right to compensation, but nothing further. From this it follows that they are not entitled to be paid for a decrease of rent to those houses, if the decrease has arisen from the nuisance to the alley; and these principles are plainly deducible: Kirkham *v.* Sharp, 3 Whart. 323; Jamieson *v.* McCredy, 5 W. & S. 129. When the owner of land, to which the right of an alley is appurtenant, purchases adjoining ground, he cannot be allowed to extend this right of way to the recently purchased land. It is manifest, to allow this privilege to the plaintiff, would be an injury to Mrs. Shreeve, who has an interest in common with her in this alley.

Judgment reversed, and a *venire de novo* awarded.