## Snively, Appellant, v. Washington Township.

218     249
220      48
f 35 SC 516

*Road law—Eminent domain—Passageway under public road—Adverse possession—Damnum absque injuria.*

All rights of the individual in property are subordinated to the sovereign power of the state in the exercise of its right of eminent domain to appropriate such property for its public highways.

Neither the commonwealth nor a township is liable for damages occasioned by the appropriation of private property for the construction of public highways, nor for injuries resulting therefrom in the absence of legislation providing for compensation.

Where a landowner had a passageway for cattle which also answered as a water course, under a private way, and the township appropriated the road as a public road, and maintained a stone culvert of such a size as to answer the purpose not only of a water course, but also as a passageway for cattle, the township had the right fifty years thereafter to close up the culvert and substitute therefor a pipe for the passage of water without any liability to the landowner for the loss of the passageway for cattle.

Supervisors have the whole care and entire supervision of the public highway, and no person, not even an abutting landowner, can make any permanent private use thereof without their consent and approval, and even then subject to the right of the township to discontinue the private use when it is deemed expedient or necessary in order to promote the public use of the highway.

Argued March 11, 1907. Appeal, No. 311, Jan. T., 1906, by plaintiff, from order of C. P. Franklin Co., Sept. T., 1905, No. 156, refusing to take off nonsuit in case of I. N. Snively v. Washington Township. Before FELL, BROWN, MESTREZAT, POTTER and STEWART, JJ. Affirmed.

Trespass to recover damages for the destruction of a passageway for cattle under a public road. Before GILLAN, P. J.

The facts are stated in the opinion of the Supreme Court.

*Error assigned* was refusal to take off nonsuit.

*O. C. Bowers,* with him *J. R. Ruthrauff* and *W. O. Nicklas,* for appellant.—One who owns the soil over which a highway passes has a right to enjoy his property in every way that may

promote his interest or convenience, so long as he does not injure the public easement: Woodring v. Forks Twp., 28 Pa. 355; Phœnixville v. Phœnix Iron Co., 45 Pa. 135.

While the supervisors may be, and probably are, personally responsible for the injury done to the plaintiff by closing up the passageway, the township of Washington is also liable therefor: Rapho Twp. v. Moore, 68 Pa. 404; Commrs. of Kensington v. Wood, 10 Pa. 93; Gilmore v. Connellsville Borough, 15 W. N. C. 342; Brink v. Dunmore Borough, 174 Pa. 395; Betham v. Philadelphia, 196 Pa. 302.

*Charles Walter* and *D. Watson Rowe,* with them *Arthur W. Gillan,* for appellee.—The owner of plaintiff's farm, at the time the road was laid out, is presumed to have secured any damages to which he may have been entitled for the loss of the culvert, or cattleway, under the special proceeding provided by the statute: Com. v. McNaugher, 131 Pa. 55; Stevenson's App., 17 W. N. C. 429; Wagner v. Salzburg Twp., 132 Pa. 636.

The township supervisors had a right to fill up plaintiff's culvert, or cattleway, if, in their judgment, the road could thereby be improved: Warfel v. Cochran, 34 Pa. 381; Mayor of Phila. v. Randolph, 4 W. & S. 514; Green v. Reading Borough, 9 Watts, 382; Carr v. Northern Liberties, 35 Pa. 324; Fair v. Philadelphia, 88 Pa. 309; Wood on Nuisance, 3d ed. 302; Yealy v. Fink, 43 Pa. 212; Monongahela Navigation Co. v. Coons, 6 W. & S. 101; Henry v. Bridge Co., 8 W. &. S. 85; O'Connor v. Pittsburg, 18 Pa. 187; Shoe v. Nether Providence Township, 3 Pa. Superior Ct. 137; Wagner v. Salzburg Township, 132 Pa. 636.

OPINION BY MR. JUSTICE ELKIN, May 20, 1907:

A public road was laid out under authority of law in 1854 by the supervisors of the defendant township, through and over a farm located therein, which at that time belonged to the predecessor in title of appellant here. It was laid out on the site of an old private road on the farm in question. The owner of the land constructed a passageway of sufficient height, width and depth to serve in a triple capacity as water course, passageway for cattle, and as a necessary part of the

private road. When the supervisors laid out the public road they covered the old passageway with plank and thus the culvert served the same general purposes as the passageway in the old private road. The owner of the farm made use of the culvert as a passage way for his cattle, with the knowledge and consent of the township authorities, from 1854 down to 1904, when the supervisors met and passed a resolution which in substance provided that the cattleway or bridge be abandoned, and that a reasonable water course should be substituted therefor. This action was taken on the ground that it was too expensive to maintain the old stone culvert as a water course. Acting on the authority of this resolution the supervisors filled in the culvert, graded the public road, and made a water course by means of laying a pipe, which answered all that was required for drainage purposes. The appellant now insists that he had a passageway for his cattle under the public highway, recognized by the township when the original road was laid out, and which had been continuously used by himself and his predecessors in title for a period of fifty years, and that by depriving him of this right he was injured in such a manner as to make the township liable in damages. Dean v. New Milford Township, 5 W. & S. 545 ; Rapho Twp. v. Moore, 68 Pa. 404 ; Kensington v. Wood, 10 Pa. 93 ; Brink v. Dunmore Borough, 174 Pa. 395, and Betham v. Philadelphia, 196 Pa. 302, are relied on to sustain a right of action in this case. These cases recognize the principle that where an individual has sustained an injury by the misfeasance or nonfeasance of an officer who acts, or omits to acts, contrary to his duty, the law affords redress in a proper form of action to the injured party, and that supervisors will be considered agents of a township in the performance of the duties imposed upon them by law, and if in the performance of those duties the property of an individual is injured without authority of law, the township may be held liable in damages for the wrongful act. As a general proposition this may be considered sound law. It does not follow, however, that because in a proper case an action of trespass might lie that it can be maintained under the facts of the case at bar. It will be observed that the test of the rule in such an action is that the trespass complained of must have been committed by the officers of the municipality in the perform-

ance of duties within the scope of their authority, and it must also appear that the act done was without warrant of law. In the present case, it is conceded that the supervisors acted within the scope of their authority in making repairs to the public highway, including the culvert, and it only remains to be determined whether they, in tearing down the old stone culvert, thus destroying the cattle way, and substituting a new and different water course, did so without warrant of law. Clearly, if the supervisors had a legal right to do what was done in the present case, and they did it in pursuance of lawful authority, the township cannot be held liable in damages for an injury that may have incidentally resulted to the abutting property owner. This brings us to a consideration of the rights and duties of the parties to this controversy. Under the Act of June 13, 1836, P. L. 551, it was the duty of the supervisors to repair and maintain the public road which included the culvert in question as a part thereof. They recognized the duties imposed upon them and did repair and maintain the road and the culvert during all the years since the highway was opened for the use of the traveling public. When the public road was laid out the supervisors planked the culvert and used the same primarily and essentially as a part of the highway, and incidentally as a convenience to the owner of the farm, who neither aided in its maintenance nor repair, although permitted to enjoy the use of it for a long period of years. In repairing and maintaining the culvert the supervisors not only acted within their lawful authority, but performed a duty imposed upon them by law. It was within their discretion when the public road was first opened to have so constructed the culvert, or water course, as to have closed up or destroyed the cattleway. In other words, they could have done in 1854 exactly what they decided to do, and did, in 1904, and the owner of the land could not have maintained an action for trespass for any injuries resulting therefrom, because under the provisions of the act of 1836 a petition should have been presented to the proper court asking for viewers to assess damages, and this being the statutory remedy it must be pursued : Wagner v. Salzburg Township, 132 Pa. 636.

The learned counsel for appellant very earnestly and ably argue that inasmuch as the supervisors in 1854 recognized the

right of the landowner to have a passageway for his cattle by the construction of the culvert in such a manner as to permit its use for this purpose, as he had enjoyed a similar use in the passageway under the private road he had such a right as could not be taken away from him without subjecting the township to an action for damages by reason of the injury committed. This contention overlooks the settled principle of law that all rights of the individual in property are subordinated to the sovereign power of the state in the exercise of its right of eminent domain, to appropriate such property for its public highways. The rights of the public in all that portion of the land within the lines of the highway are superior to any right which the individual owner of the soil thus appropriated may undertake to assert in the use thereof. The right of a passageway for cattle can scarcely be deemed as great as the right of ownership in the soil, and, it cannot be denied, that when the public road was first opened in 1854 the supervisors could have graded and occupied all of the soil at the point where the culvert crosses, including the culvert itself, only being required to provide a reasonable water course where the conditions made it necessary. The right to appropriate the soil of the owner included the right to take the passageway. It is of no consequence that the supervisors in 1854 permitted the culvert to be of such dimensions as to be used as a cattleway for the convenience of the landowner. The culvert belonged to the township. The landowner had the privilege of using it as a cattleway, but his right was inferior to that of the public and must give way when the superior right is asserted.

The appellant contends that he had a right to maintain the passageway for his cattle, because it did not interfere with the public easement. This contention is based on the principle that one who owns the soil over which a highway passes has a right to enjoy his property in every way that may promote his interests or convenience, so long as he does not interfere with the public use. This is a familiar and settled principle of law. However, it must be understood in a qualified sense. It does not mean that a landowner can go upon the public highway and build any kind of a structure that may please his fancy or promote his convenience, without the consent and approval of the supervisors. Indeed, it may be stated as a

general rule, that the supervisors have the whole care and entire supervision of the public highways, and that no person, not even an abutting landowner, can make any permanent private use thereof without their consent and approval, and even then subject to the right of the township to discontinue the private use when it is deemed expedient or necessary in order to promote the public use of the highway. In the present case the appellant does not assert a right to maintain a passageway for his cattle at his own expense, but insists that the township shall maintain it for him. The culvert is wholly within the lines of the highway. It was within the discretion of the supervisors to build it of stone, timber, or iron, and of a height, width and depth adapted to the public use without regard to the convenience of the landowner. If this be true, and there can be no doubt about it, it is equally within their discretion to make a new construction of different dimensions and materials whenever the best interests of the public demand it and it is deemed expedient to do so. The damage that may have incidentally resulted to the abutting landowner by reason of tearing down the old culvert and substituting a new water course is damnum absque injuria. It was early decided in this state, and the doctrine has been frequently reasserted, that neither the commonwealth nor the township are liable for damages occasioned by the appropriation of private property for the construction of public highways, nor for injuries incidentally resulting therefrom, in the absence of legislation providing for compensation : Feree v. Meily, 3 Yeates, 153; Greene v. Borough of Reading, 9 Watts, 382; Yealy v. Fink, 43 Pa. 212 ; Wagner v. Salzburg Township, 132 Pa. 636.

On motion for a re-argument of this case, it is suggested that when the public road was laid out in 1854, the then owner of the abutting land had constructed a cattle way, or culvert, with stone walls for sides, and that the township only planked the walls already there so that it could not be accurately stated that the culvert was constructed, maintained and repaired by the supervisors. The testimony relating to this matter is not very clear, but even admitting that the original stone walls were built by the private land owner, in our opinion, this fact is not important in the determination of the question involved here. The old private road, including the cattle way, was ap-

propriated for public use in 1854. The cattleway was wholly within the lines of the highway of which it was a necessary part. It was therefore within the discretion of the proper township officers to change or alter the culvert to suit the con-.venience of the township when deemed advantageous or necessary so to do. The township had the superior right in the culvert after its appropriation for public use and is not liable in damages because it chose.to exercise its unquestioned right to change the culvert by providing a more reasonable water course, even if by so doing an injury incidentally resulted to the abutting land owner by depriving him of the use of a passageway for his cattle which had been permitted for many' years.

Judgment affirmed.