# Pennsylvania Hospital, Appellant, v. City of Philadelphia.

*Constitutional law—Obligation of contracts—Impairment—Eminent domain—Opening city street.*

1. The constitutional inhibition upon any State law impairing the obligation of contracts is not a limitation upon the power of eminent domain. The obligation of a contract is not impaired when property rights acquired from the State by contract are appropriated to a public use and compensation made therefor.

2. There enters into every contract, whether between the state and an individual or between individuals only, the unwritten con-

dition that it is subordinate to the right of appropriation to a public use.

3. Where, the Act of April 17, 1854, P. L. 385, provided that no streets should be opened through the property belonging to a certain hospital without its consent, and thereafter the city within whose limits the hospital was located commenced to open a street through the hospital's property, a bill in equity alleging that the act constituted a contract between the State and the hospital which would be impaired by the opening of a street without plaintiff's consent, and praying for an injunction to restrain the city from proceeding with the improvement, was properly dismissed.

Argued May 16, 1916. Appeal, No. 155, Jan. T., 1916, by plaintiff, from decree of C. P. No. 5, Philadelphia Co., Dec. T., 1915, No. 2883, in equity, dismissing bill in equity for injunction in case of the Contributors to the Pennsylvania Hospital v. City of Philadelphia, Thomas B. Smith, Mayor; George E. Datesman, Director of the Department of Public Works, and William H. Connell, Chief of the Bureau of Highways of the said city. Before BROWN, C. J., MESTREZAT, POTTER, MOSCHZISKER and FRAZER, JJ. Affirmed.

Bill in equity for injunction to restrain defendant from opening 44th street through the grounds of the Pennsylvania Hospital in the City of Philadelphia.

The Act of April 17, 1854, P. L. 385, entitled "An act to prevent streets being laid out through the grounds of the Pennsylvania Hospital without the consent of the managers," provided as follows:

"Section 1. Be it enacted by the Senate and House of Representatives of the Commonwealth of Pennsylvania in General Assembly met, and it is hereby enacted by the authority of the same, That no streets, alleys, roads or lanes, shall ever be opened through the property belonging to the corporation of the contributors to the Pennsylvania Hospital, situate in the twenty-fourth ward of the City of Philadelphia, without the consent of the said corporation, so long as the said property is used

for the purposes of their insane department, any law to the contrary notwithstanding: Provided, That said corporation shall contribute one-half the ground, for an avenue, on their east, one on their west line, each one hundred feet in width, without charge to the city and County of Philadelphia." Thereafter, in 1913, the City of Philadelphia passed an ordinance opening 44th street from Market street to Haverford avenue and on January 27, 1914, plaintiff was informed that the avenue would be opened through its property for public use. Such ordinance was passed under authority of the Acts of June 8, 1881, P. L. 68, and May 23, 1874, P. L. 230, giving the municipal authorities the right to open streets, "Any private or special statute to the contrary notwithstanding."

Plaintiff's bill in equity averred that such acts did not empower the State to take away the right and privilege granted to the plaintiff by the Act of 1854, and that the ordinance is illegal under the Constitution of Pennsylvania and the Constitution of the United States forbidding laws which impair the obligation of contracts.

Other facts appear in the opinion of the Supreme Court.

The lower court dismissed the bill. Plaintiff appealed.

*Error assigned,* among others, was the decree of the court.

Owen J. Roberts, of Roberts, Montgomery & McKeehan, with him Biddle, Paul & Jayne, for appellant.—The Act of April 17, 1854, P. L. 385, is a contract between the State and the appellant.

It was competent for the legislature in 1854 to enter into this contract. Fletcher v. Peck, 10 U. S. 87.

The surrender by the state of sovereign rights by the way of contract is irrevocable: Piqua Branch of the State Bk. of Ohio v. Knopp, 57 U. S. 369; Ohio Life Insurance & Trust Co. v. Debolt, 57 U. S. 416; Jefferson

Branch Bk. v. Shelly, 66 U. S. 436; New Jersey v. Wilson, 11 U. S. 164; Morris Canal & Banking Co. v. Baird, 239 U. S. 126; Washington University v. Rouse, 75 U. S. 439; New Jersey v. Yard, 95 U. S. 104; Freeport Water Co. v. Freeport City, 180 U. S. 587; Rochester Water Co. v. Rochester, 205 U. S. 236; Kelly v. City of Pittsburgh, 85 Pa. 170; Jones v. Walker, 13 Fed. Cases 1059; Proprietors of the Charles River Bridge v. Proprietors of the Warren Bridge, et al., 36 U. S. 419.

The cases in which it has been ruled that the right of eminent domain was not surrendered, all were upon the ground that the State cannot be presumed to surrender it and that there was no express contract to that effect: West River Bridge Co. v. Dix, et al., 47 U. S. 507; Cincinnati v. Louisville & Nashville R. R. Co., 223 U. S. 390.

*John P. Connelly,* City Solicitor, with him *Joseph G. Magee* and *Ernest Lowengrund,* Assistant City Solicitors, for appellees, cited: In re Towanda Bridge Co., 91 Pa. 216; In re Opening of Twenty-Second Street, 102 Pa. 108; Commonwealth, ex rel., v. Broad St. Rapid Transit Street Ry. Co., 219 Pa. 11; Brimmer, et al., v. Boston, 105 Mass. 19; Village of Hyde Park v. Oakwood Cemetery Assn., 119 Ill. 141; City of Cincinnati v. Louisville & Nashville R. R. Co., 223 U. S. 390.

PER CURIAM, July 1, 1916:

Conceding that the Act of April 17, 1854, P. L. 385, became a contract on the part of the State with the contributors to the Pennsylvania Hospital, it must yield to the demand of the sovereign, "for all persons hold their property subject to the requisitions for the public service": In re Twenty-second Street, 102 Pa. 108; and "one legislature cannot grant away the State's right of eminent domain so as to bind future legislatures": Commonwealth v. Broad St. Rapid Transit St. Ry. Co., 219 Pa. 11. In dismissing appellant's bill, the learned chan-

cellor below but followed the recognition given in all jurisdictions to the sovereign right of the State to take every species of property when needed for public use. In so taking a contract the State does not impair its obligation, for it makes compensation therefor to the party from whom its enjoyment is taken. "The constitutional inhibition upon any State law impairing the obligation of contracts is not a limitation upon the power of eminent domain. The obligation of a contract is not impaired when it is appropriated to a public use and compensation made therefor. Such an exertion of power neither challenges its validity nor impairs its obligation. Both are recognized, for it is appropriated as an existing enforceable contract. It is a taking, not an impairment of its obligation. If compensation be made, no constitutional right is violated. All of this has been so long settled as to need only the citation of some of the many cases: Charles River Bridge v. Warren Bridge, 11 Pet. 520; West River Bridge Co. v. Dix, 6 How. 507; New Orleans Gas Co. v. La. Light Co., 115 U. S. 650; Long Island Water Supply Co. v. Brooklyn, 166 U. S. 685; Offield v. R. R. Co., 203 U. S. 372.

"Every contract, whether between the State and an individual or between individuals only, is subject to this general law. There enters into every engagement the unwritten condition that it is subordinate to the right of appropriation to a public use: The West River Bridge Co. v. Dix, 6 How. 507; Long Island Water Supply Co. v. Brooklyn, 166 U. S. 685:" The City of Cincinnati v. Louisville and Nashville R. R. Company, 223 U. S. 390.

Decree affirmed at appellant's costs.