Penn Builders, Inc., Appellant, *v*. Blair County.

Argued November 25, 1930. Before FRAZER, C. J.,
WALLING, SIMPSON, KEPHART, SADLER, SCHAFFER and
MAXEY, JJ.

*Robert W. Smith,* for appellant.—Where interested
parties are not satisfied with the findings of fact con-
tained in the report of viewers they have a right within
a limited time to an appeal to the court of common pleas
where the cause will be tried before a jury de novo:
West Liberty Ave., 70 Pa. Superior Ct. 348; Punxsu-
tawney Boro. v. Donahue, 91 Pa. Superior Ct. 85.

The applicant has a right to compensation: Phila. Parkway, 250 Pa. 257; Caplan's App., 293 Pa. 483.

The petitioner claims that it is entitled to have the damages ascertained and assessed on the basis of a width of one hundred feet for said highway: Fetherolf's Petition, 84 Pa. Superior Ct. 514.

The law contemplates only one assessment: State Highway Route No. 72, 71 Pa. Superior Ct. 85; State Highway Route No. 72, 265 Pa. 369; May v. County, 98 Pa. Superior Ct. 488.

The land has been appropriated: Wayne v. R. R., 231 Pa. 512.

*John J. Haberstroh,* for appellee.—The County of Blair is not responsible for the payment of damages at this time for the full one hundred feet ultimate right of way.

The sixty-seven feet may never be opened as a public highway and surely there is no imposition on the county to pay damages for sixty-seven feet of land which may never be used for road purposes: Phila. Parkway, 250 Pa. 257; Whitaker v. Boro., 141 Pa. 327; Ritter v. Hill, 282 Pa. 115; Shobert v. Bloomsburg, 74 Pa. Superior Ct. 249; Emaus v. Trust Co., 6 Pa. D. & C. 395; Delaware Ice Co. v. Easton, 4 Pa. D. & C. 35; South Twelfth Street, 217 Pa. 362; Caplan's App., 293 Pa. 483; Hermann v. R. R., 270 Pa. 551; Penna. Hospital v. Phila., 254 Pa. 392.

*B. F. Warfel,* amicus curiæ.

OPINION BY MR. JUSTICE SADLER, January 5, 1931:

The secretary of highways deemed it expedient to make a diversion from Route 55 where it passes through plaintiff's land in Blair County, thus removing a dangerous and inconvenient curve, and resulting in a relocation of the road for a short distance. By so doing the cost of maintenance would be lessened, and an easier

passageway for the traveling public secured. Acting in pursuance of the authority granted by the Sproul Highway Act of May 31, 1911 (P. L. 468, section 8), as amended in 1921 (April 6, P. L. 107), a map was prepared, establishing the lines of the land condemned, approved by the governor, and duly recorded. By the certificate it appeared the ultimate width of the right of way was fixed at one hundred feet, the center line being definitely designated and marked. Reference was made in the paper filed to eight sheets showing the character of work presently contemplated throughout the entire taking. One referred to, indicating the construction through plaintiff's property, showed that at this time but thirty-three feet would be improved and macadamized, though the official certificate fixed one hundred feet as the amount appropriated. Entry was made upon the land and the new roadway built.

Without statutory provision, no claim could have been made by the landowner for the loss sustained (Snively v. Washington Twp., 218 Pa. 249; Lenhart v. Wright, 286 Pa. 351), but section 16 of the Act of 1911, supra, as amended in 1921, directed that notice be given to the county commissioners of the new lines adopted, and, by the legislation referred to, the municipality represented by them was made liable for damages resulting. No agreement for compensation was reached, and the title holder of the property presented a petition to the court of quarter sessons for the appointment of viewers to determine the value of the land condemned. Basing their report on the taking of 100 feet, as shown by the map of record, though the new construction occupied but one-third of that width, an award of $10,500 was made. Exceptions were filed by the county raising two questions of fact properly the subject of an appeal, and a third which attacked the legality of the assessment on the ground that the basis of recovery should have been limited to the thirty-three feet built upon. As this objection went to the validity of the entire report, the ques-

tion was properly considered preliminarily by the court below: Act of April 18, 1905, P. L. 198. It held that the right to recover was limited to the strip actually occupied by the new construction, and that the award could not be based on a taking of the width as fixed in the certificate of the secretary of highways and approved by the governor. The report was therefore set aside without prejudice on the part of the petitioner to proceed again to have an assessment of damages based on the amount of land presently paved. From the final order so made this appeal was taken.

The State undoubtedly has the power to condemn property for a new highway, and the legislature may direct, as it has done, for the payment by the county of the damages resulting. A like power exists where land is appropriated in effecting a divergence from a fixed route for convenience under the legislation above referred to. By the Sproul Act of 1911, entry for this purpose was allowed upon filing the proper plans, but the compensation was directed to be paid by the State (section 16); all loss occurring by the taking under the particular map filed to be assessed in one proceeding: May v. Westmoreland Co., 98 Pa. Superior Ct. 488. The Amending Act of 1921, supra, also expressly provided for the fixing of the width by the certified and recorded plan, transferring to the county the liability for the damages recoverable. Having fixed the extent of the appropriation in this case in terms at 100 feet, the landowner could demand compensation, when a part was entered on, as if the entire strip marked on the map had been occupied by the new construction; for, having condemned land to that width, the State may in the future use it for highway purposes without further liability. It is immaterial,—unless later legislation hereafter referred to necessarily leads to a different conclusion,— that the present actual occupation is of but a portion of the whole taken: Lenhart v. Wright, supra.

The same rule applies where property is seized under the power of eminent domain by railroad companies. If, in the first instance, but one track is built and used on a portion of the right of way condemned, the owner is nevertheless entitled to recover for all the land appropriated. The resolution of the board of directors of the corporation determines the location for which compensation may be asked: Foley v. Beech Creek Extension R. R. Co., 283 Pa. 588; Beale v. P. R. R. Co., 86 Pa. 509. As was said in Wadhams v. L. & B. R. R. Co., 42 Pa. 303, 310: "The legislature made no attempt to distinguish between damages caused by the location and those caused by the construction of the railroad. It is one injury. Where the railroad has been located, the land has been taken and appropriated for the public use, the right of the landowner to sue for his damages is complete, and he may recover all which may be caused by the location, and by the subsequent construction. He can have but one action. The damages cannot be severed, and security for one is therefore security for all."

It is, however, urged that the ultimate width of 100 feet designated in the recorded plan is a mere plotting of land for highway purposes which may be needed at some future time, and was so marked solely for the protection of the public, thus preventing the recovery of damages for structures which may be hereafter erected on the portion beyond the occupied 33 feet. It may be conceded that if the appropriation as designated on the map was merely a paper plotting, unaccompanied by an entry on any part, no damages could be secured until an actual occupation occurs, or acts equivalent thereto take place. Philadelphia Parkway Opening, 295 Pa. 538, and Penna. Hospital v. Phila., 254 Pa. 392, 245 U. S. 20, are illustrations of the generally accepted rule so holding. Philadelphia Parkway, 250 Pa. 257, and Caplan's App., 293 Pa. 483, show facts disclosing unusual conditions, which led to the making of exceptions to the well established principle ordinarily controlling.

In the present instance, there is a direct appropriation by a duly authorized and recorded certificate of 100 feet, and an entry thereon, though but 33 feet has actually been macadamized to this date.

Realizing the probable necessity of hereafter building wider roads, an attempt has been made by the legislature to set aside, by mere plotting, land which may at some time be required for highway purposes, thus giving notice that no buildings may be constructed in such spaces, except at the owner's peril. If he does so, then, as provided by the Act of 1921, supra, when necessity requires the actual occupation, no damages can be recovered based on their destruction. The recorded map now in question, and which must control in determining the extent of the land taken, definitely fixes the lines and widths presently to be appropriated. It expressly designates the condemnation at 100 feet, though the actual surface used covers at this time but one-third of that distance.

"Whatever is included in [the plan] must be considered as the measure of the present taking and appropriation, on entry by the department for opening and construction, even though a lesser width may be actually occupied in its construction. It is equivalent to the final order confirming a report of viewers in road cases in the quarter sessions, under which damages are awarded for the full width ordered to be opened whether the road be actually occupied of that width or not. The secretary of highways has power, with the approval of the governor, to change and modify the plan, before an assessment of damages or actual occupation of the land affected. But, unless so changed or modified, the damages for the taking and appropriation authorized by the plan are assessed under it once for all, not piecemeal. If, subsequently, the secretary of highways, proceeding under the Act of 1921, P. L. 107, establishes a greater ultimate width for the new highway than provided for by the plan for its divergence, by recording a description,

plan and acknowledgment in the recorder's office of the proper county, damages are not to be assessed thereunder unless and until there is an actual entry and occupation pursuant to a taking and appropriation by the secretary with the approval of the governor": May v. Westmoreland Co., supra.

In the present case no award of damages has been confirmed, and an alteration in the certified plan may therefore be made by the proper authorities (see also Hagner v. P. S. V. R. Co., 154 Pa. 475), amending it so as to appropriate but 33 feet, the width now occupied by the improved roadway, and which covers the entire space which the condemnor insists was intended to be at this time taken. Thereafter, without present liability, plots may be certified to cover the additional strips on each side to be included within the ultimate width as fixed by the secretary of highways with the approval of the governor. In May v. Westmoreland Co., supra, the proceedings were reopened to allow such correction, and a like course may be permitted here. If, however, the plan stands as at present recorded, the landowner is entitled to damages based on the taking of 100 feet.

Additional legislation providing for the contingency of future improvements, and the possible plotting of areas not presently to be occupied, and thereby forbidding the construction of buildings thereon, except at the risk of the possessor of the land, is found in the Act of May 14, 1925, P. L. 704. An examination of the title, as well as the body of that statute, shows it can have no application to the present situation, for it is effective only where the apparent purpose is to maintain a present existing highway, and the certificate of the secretary of highways, approved by the governor, indicates merely an intention to plot land adjoining a used road, which additional space may be required in the future, but where no portion designated in the recorded map is at the time occupied: May v. Westmoreland Co., supra. In such case, as to the designated strip or strips, not in

any way entered on, no damages may be recovered until an actual taking occurs, since the rule enunciated in the so-called street plotting cases, before referred to, applies. In the appropriation here involved, the plan, which is conclusive, unless legally modified, designates 100 feet as the width of the land taken, a part of which has been entered on, though the whole is not in immediate use. The certificate showing this fact fixes the rights of the parties, as expressly directed by the controlling act of assembly. In fairness to the learned court below it should be stated that his opinion was delivered before the filing of the decision in May v. Westmoreland Co., supra, where the question here involved was first discussed by an appellate court, and the same conclusion now reached made.

The order is affirmed, provided a map certified by the secretary of highways, approved by the governor, and recorded in Blair County is filed within ninety days, modifying the plotting as it now appears; such change designating the appropriation only of the 33 feet actually entered upon by the State and macadamized, the same to be substituted for the present plan appropriating 100 feet; otherwise the proceeding is reversed and the exceptions to the award of the viewers shall be dismissed, whereupon an appeal to determine the justness of the findings as to damages may be entered and proceeded with.

The record is remitted to the court below for further proceedings as indicated in this opinion; costs to be paid by appellee.