In the Matter of Appointment of Viewers.

Argued April 13, 1931.

Be-
fore Trexler, P. J., Keller, Linn, Gawthrop, Cunningham, Baldrige and Drew, JJ.

*Harold F. Mook,* for appellant.

*Henry MacDonald,* and with him *Gunnison, Fish, Gifford and Chapin* and *A. Grant Walker,* for appellees.

*Harris C. Arnold,* Assistant Deputy Attorney General, *Harold D. Saylor,* Deputy Attorney General, and *Wm. A. Schnader,* Attorney General, for the Commonwealth of Pennsylvania.

Opinion by Keller, J., July 8, 1931:

As originally enacted, the Act of May 31, 1911, P. L. 468, commonly known as the Sproul Act, made no provision for the widening of an existing state highway. It authorized the diversion or divergence of a part or portion of a state highway, where the safety or convenience of the public, or the expense of improvement, might warrant it, (Sec. 8), but the simple widening of a highway that required no deflection was not provided for. This oversight was supplied by the amendment to sections 8 and 16, of April 6, 1921, P. L. 107, which, however, is broad enough to include two distinct things: (1) The actual widening of an existing state highway, which necessitates the condemnation of and payment for the land taken by such widening; and/or (2) the establishment of the ultimate width of the highway, which calls for no present appropriation of land, but operates as a plotting of the highway at its ultimate width, with the effect that no damages may be thereafter assessed, if and when the portion thus plotted but not then appropriated, is afterwards condemned, for any buildings or improvements subsequently erected within such plotted limits.

The procedure fixed for establishing the width of

a state highway, under the Act of April 6, 1921, amending section 8 of the Sproul Act, is different from that prescribed by section 8 aforesaid for the diversion or divergence of part of a state highway and the laying out of a new road in place thereof. In the latter, the record of the diversion or divergence and the consequent taking and appropriation of the necessary land is fixed and determined by a plan prepared by the Secretary of Highways and approved by the Governor, which remains on file in the Department of Highways (May v. Westmoreland County, 98 Pa. Superior Ct. 488, 492). In the former, by the Act of 1921, supra, a description and plan of the width and lines, so established, whether its actual widening is contemplated, or only the fixing of its ultimate width, is to be made by the Secretary of Highways and acknowledged by him, after being approved by the Governor, and such description, plan and acknowledgment must be recorded in the office of the recorder of deeds of the proper county, in a separate book kept for that purpose: Penn Builders, Inc. v. Blair County, 302 Pa. 300. The Act of April 6, 1921 is not as explicit as it might be; but the same general procedure must be followed by the Secretary of Highways, whether he desires to widen an existing highway, or only to establish its ultimate width.

It follows that the description made by the Secretary of Highways pursuant to the Act of 1921, supra, should set forth *in the body of the paper* whether the establishment of width and lines which it effectuates is for an actual widening of the highway or only the fixing of its ultimate width; and where the Secretary contemplates doing both at one time, two descriptions and plans should be acknowledged and recorded in the manner provided by the Act of April 6, 1921, the one for the establishment of the width and lines of the highway as presently to be widened, and the other

for the establishment of the ultimate width and lines. Damages for whatever land is *taken or appropriated* in the widening of the highway, (as distinguished from the fixing of its ultimate width), must be assessed once for all, and not piecemeal, even though all the land condemned is not at once opened or used for travel, (May v. Westmoreland County, supra; Penn Builders, Inc. v. Blair County, supra), but the Secretary of Highways is not compelled to widen the road to its ultimate width at one time, but may widen it from time to time as he deems necessary, if approved by the Governor, with consequent condemnation proceedings for the land taken and appropriated in that particular widening.

In the present case only one such paper was made by the Secretary of Highways and recorded in Erie County and this established the width of State Highway Route 86 as it passes through appellees' lands at one hundred feet. It is true that the cover of this description contains the words 'Ultimate Widths of Right of Way,' but the body of the paper, which is the vital matter, contains nothing that marks the action of the Secretary of Highways as being only the establishment of the *ultimate* width and lines, rather than the establishment of the width and lines in connection with the actual widening of the road. Apart from the cover, it is in the identical form passed on in the Penn Builders case and construed by the Supreme Court to constitute a present taking or appropriation of the land, when entry was made on it, for the widening of the road, and notwithstanding the title on the cover, we are obliged to construe it the same way; for apart from it there is no legal warrant or authority for the widening of the road which is being, or has been, done. The 'construction drawings' showing a width of seventy feet, [Exhibit 2] furnish no warrant or justification for the action taken and

amount to nothing but what they are intended to be, working plans to be used by the highway engineers in the construction of the road following a legal establishment of the new width and lines of the highway in connection with the present widening of the existing highway. They have no statutory warrant or foundation and are of no importance in this proceeding.

The case of May v. Westmoreland County, supra, did not deal with the widening of an existing highway, but with a diversion or divergence of part of a highway, and as before pointed out, the procedure is not the same; hence not all the language used in that opinion can be applied without modification to a case involving the widening of a state highway.

The course adopted by the Highway Department is excusable because the language of the Act of 1921 might well be more explicit and only inferentially provides for the two separate operations, which must be carefully distinguished by the Secretary of Highways in the description etc. which he causes to be made and recorded pursuant to it.

The general subject under discussion has been considered at length very recently by the Supreme Court in Penn Builders, Inc. v. Blair County, supra, and by this court in May v. Westmoreland County, supra, and for further study we refer to the pertinent portions of those decisions.

Following the action of the Supreme Court in the case of Penn Builders, Inc. v. Blair County, we shall make as nearly as possible the same disposition of this case.

It is ordered and adjudged that, if the Secretary of Highways shall within ninety days from the entering of this judgment file in the office of the Recorder of Deeds of Erie County a description and plan, duly approved by the Governor, and acknowledged, pur-

suant to the Act of April 6, 1921, modifying the establishment of the width and lines of State Highway Route No. 86 as recorded in Erie County on June 28, 1927, in Right of Way Book I, Plan 2, by setting forth in the body thereof that such description and plan referred only to the establishment of the ultimate width of said highway; and if within said period of ninety days, the Secretary of Highways shall file in the office of the recorder of deeds aforesaid, a further description and plan, duly approved by the Governor, and acknowledged, pursuant to said Act of April 6, 1921, establishing the new present width and lines of said State Highway Route No. 86, in connection with the actual widening of the same, and fixing said present width at seventy feet, as set forth in the construction drawings hereinbefore referred to, the judgment of the court below, in favor of the appellees, be modified and reduced to $1879, with interest from August 19, 1930; otherwise that it be affirmed as entered, in the sum of $2300, with interest from August 19, 1930.

Costs to be paid by appellant.