## Urbanskis' Petition

294

Argued May 5, 1937.

Before Keller, P. J., Cunningham, Baldrige, Stadtfeld, Parker, James and Rhodes, JJ.

*James A. Wright,* Assistant County Solicitor, with him *Charles Alvin Jones,* County Solicitor, for appellant.

*Armin H. Friedman,* with him *Charles B. Prichard,* for appellees.

Opinion by Keller, P. J., September 29, 1937:

Frank J. Urbanski and Sophia Urbanski, his wife, were the owners of real estate located on a public road in North Versailles Township, Allegheny County, which formed a part of State Highway Route 02107, adopted and taken over by the Commonwealth under the Act of June 22, 1931, P. L. 594. It does not appear that the road came within any of the exceptions mentioned in Section 68 of that Act, and, accordingly, the taking over of the road as a state highway became effective not later than August 15, 1931.

The Department of Highways proceeded to widen and relocate part of this road and in so doing took a strip of the Urbanskis' land and incorporated it into

the widened and relocated highway. Before doing so the officials of the Department of Highways communicated with the Commissioners of Allegheny County and secured their agreement to assume liability for any property damage resulting from the change of lines and locations in the road. See Commissioners' Resolution of November 13, 1934.

The Urbanskis were unable to agree with the Commissioners as to the damages suffered by them by such taking and applied to the Court of Quarter Sessions for the appointment of viewers to assess the damages. Viewers were appointed and a view had. Petitioners' real estate expert fixed the damages at $2,000. The County offered no testimony. The viewers awarded the petitioners $657. The County then filed exceptions to the award on the ground that no plan of the proposed change had been prepared by the Secretary of Highways and submitted by him to the Governor and approved by the latter, and filed in the Department of Highways before the land of the petitioners had been entered upon and taken in the widening and relocation of the highway. The court below dismissed the exceptions, holding "that the Highway Department's submission of a plan to the Governor, his approval, and the subsequent filing thereof, are deemed matters for the protection and convenience of the Commonwealth." The County has appealed.

We are unable to agree with the statement above, quoted from the opinion of the learned court below.

The preparation of a plan by the Secretary of Highways establishing a change of width or location of a state highway and its approval by the Governor and filing in the Department of Highways as a public record—See Section 8 of the Act of May 31, 1911, P. L. 468, as amended by the Act of June 26, 1931, P. L. 1388 —is not merely for the protection and convenience of the Commonwealth; it is, no less, for the protection of

the landowner whose property is taken in the improvement, and it is a necessary step in the legal and orderly appropriation of land for the improvement of the road. Strictly speaking, the Department of Highways has no right or authority to enter upon and take for state highway purposes the smallest strip of land of an adjoining property owner unless and until a plan showing such taking has been prepared, approved by the Governor and filed in the Department of Highways as a public record. It constitutes the record of the appropriation: *May v. County of Westmoreland,* 98 Pa. Superior Ct. 488; *In the Matter of Appointment of Viewers,* 103 Pa. Superior Ct. 212, 158 A. 296; *Penn Builders v. Blair County,* 302 Pa. 300, 153 A. 433; *Eshleman v. Commonwealth,* 325 Pa. 521, 524, 525, 189 A. 340. But it appears that the Department of Highways has belatedly done what it should have done before entering upon and taking the appellees' land for state highway purposes. A plan showing the taking and appropriation in accordance with the conditions on the ground has been prepared by the Secretary of Highways, approved by the Governor and filed as a public record in the Department of Highways. No good purpose would be served by uprooting the proceedings and starting all over again. All parties proceeded in good faith on the assumption that the steps necessary for a valid appropriation of the petitioners' land and a legal improvement of the highway had been taken prior to the entering of the Department upon the land and the physical change of the width and location of the road. The Department of Highways has done what should have been done before the road was improved. The County does not claim that the award is excessive.

Under the circumstances, while we do not approve of the procedure followed, we will not reverse the order.

The provisions of the Act of May 31, 1911, P. L. 468, and its amendments, creating the present system of

state highways and providing for their taking over, improvement and maintenance by the Commonwealth, and prescribing the procedure for their improvement, widening and relocation, including the payment of the damages and expenses incident thereto, apply to state highways taken over under the Act of June 22, 1931, P. L. 594, except as the latter act may specifically provide otherwise.

The appeal is dismissed.