## Young v. Commonwealth

Before Carson, P. J., Cummins and Weiner, JJ.

*August L. Sismondo*, for exceptants.

*Howard F. Carson*, contra.

WEINER, J., May 4, 1962.—This matter comes before the court on exceptions filed by plaintiffs above named to the report of the viewers, alleging an error of law and of fact on the part of the viewers in making their award of damages to plaintiffs. Plaintiffs, by virtue of a deed from Joseph J. Haube et ux., dated October 13, 1951, and recorded in Deed Book 989, page 525, acquired a parcel of land in Twilight Borough, this county, containing 1.59 acres. At that time, the said parcel of land had a frontage on the proposed relocation of Route 31, and had full access thereto along their entire frontage of 376.16 feet.

On September 10, 1957, the said relocated highway Route 31, now known as Alternate Route 71, was made

a non-access road. In connection therewith the Commonwealth appropriated and condemned two feet of ground along the whole of plaintiffs' frontage on said road, thereby cutting off their right of ingress and egress to and from the said highway. By this condemnation the Commonwealth became liable to plaintiffs for the damages resulting from the said condemnation. In connection with the determination of these damages, viewers were appointed.

Despite the public records showing that plaintiffs as a direct result of the condemnation no longer have any legal right of ingress or egress to and from their property, the report of the viewers is based on what they claim to be the right of plaintiffs to use a ten foot right of way to Pennsylvania Legislative Route 62097. Their award to plaintiffs was based on this premise. These exceptions on the part of plaintiffs followed and the case is now before the court for disposition thereof.

It is not disputed that in the deed mentioned above, from Haube to plaintiffs, there was reserved by the grantors in that deed a ten foot right of way over and across the property of the grantees, the present plaintiffs, so as to provide access to the greenhouses of the said grantors erected on other and adjacent lands of the grantors. But there is nothing in that reservation of the said ten foot right of way giving plaintiffs any right of joint use thereof. While it is true that this ten foot right of way leads from Legislative Route 62097 across the property of plaintiffs to the said greenhouses and that the said right of way still exists, plaintiffs have no legal right to the use thereof, and neither the viewers nor the court have any right to speculate that permission to use the same might possibly be secured by them from the present owners of the greenhouse property, who are the only persons legally entitled to the use of this ten foot right of way, together with the occupants and tenants of said greenhouses. The pres-

ent owners of the greenhouse property are Robert H. Watkins and Evelyn F. Watkins, who acquired the same from the said Joseph J. Haube et ux., by deed dated September 9, 1957, and recorded in Deed Book 1003, page 455.

It therefore follows that as a matter of record, by the condemnation of the strip of ground by the Commonwealth along the said non-access road, and by virtue of the ownership by the Watkins of the tract of land between the plaintiffs and Route 62097, the viewers are plainly in error in assuming that plaintiffs' property was not landlocked. They were therefore also in error in basing their award on the theory that plaintiffs had a right of way or easement from their property to Legislative Route 62097 across the property owned by the Watkins. The exceptions of plaintiffs to the award were therefore justified and proper.

While there may be situations where the law recognizes a way of necessity, this case does not present such a situation. Where a grantor conveys land to which, at the time of said conveyance, there is a right of ingress and egress, and that right of ingress and egress is later destroyed by the Commonwealth in its exercise of its right of condemnation for either right of way or non-access purposes, as in this case, a right of way of necessity is not thereby created over other adjacent lands of the grantor. And particularly is this true where, as here, the grantor has conveyed the adjacent lands to an innocent purchaser before the right of access thereto has been taken away.

When viewers have reported their findings of fact and conclusions of law to the court which appointed them, the parties who believe themselves aggrieved by the report filed have in general two remedies available to them. They may except to the report of the viewers because of some error in the procedure followed or because of a question of law which may properly be

disposed of preliminarily by a court, or they may appeal from the viewers' report and have the matter tried de novo by a common pleas jury in accordance with the protection afforded by our Constitution: Penn Builders, Inc. v. Blair County, 302 Pa. 300, 303, 304.

Where improper elements of damages appear as the basis of the viewers' award, their conclusions and findings may properly be reviewed by the court on exceptions filed thereto. Exceptions to viewers' reports, unlike appeals therefrom, are properly limited to procedural matters or questions of law basic to the inquiry. When viewers proceed upon erroneous assumptions of law, they will always be subject to correction on exceptions.

The viewers have the duty in this case in determining the damages due plaintiffs, to consider the property of plaintiffs as it was prior to the condemnation on September 10, 1957, with their right of ingress and egress. They also have the duty to consider the value of plaintiffs' property after the condemnation of September 10, 1957, and as affected by it, to wit, by the deprivation, as a result of the condemnation, of this right of ingress and egress so as to make plaintiffs' tract of land completely and legally landlocked. The value of their land after the condemnation should reflect this loss of ingress and egress.

In view of the above, the court must hold that the exceptions of plaintiffs to the award of the viewers must be sustained, and the matter referred back to the viewers to make new and appropriate findings in accordance with the opinion of the court, as set forth hereinabove, and to make their award on the basis thereof. The court is therefore compelled to enter the following

*Order*

And now, May 4, 1962, it is ordered, adjudged and decreed that the exceptions filed by Henry Young and

Irene Young to the award of the viewers in the above entitled case be and the same are hereby sustained and the matter is referred back to the viewers to make appropriate findings and to award such damages as may be owing to plaintiffs in accordance with the findings of this court as set forth in the foregoing opinion.