## FEDERAL CASES

No. 1052

EUCLID (Village) v. AMBLER REALTY CO.

No. 31. U. S. Supreme Court

Decided Nov. 22. 1926

1295. ZONING ORDINANCES—Municipal zoning ordinances and regulations, in their general scope nad dominant features, do not infringe upon the constitutional guarantees of the owners of the property affected by such regulations; and are therefore not unconstitutional.

SUTHERLAND, J.

The Ambler Realty Company brought this action in the U. S. District Court upon an action to enjoin the enforcement of a zoning ordinance No. 2812 of the Village of Euclid. The Realty Co. was the owner of 68 acres of unimproved and unalloted land lying in the village. This tract was bounded on the north by the Nickel Plate Railway and on the south by Euclid Avenue. The ordinance in question restricted the use of this land. The frontage on Euclid Ave. to the depth of 150 feet may be used only for a single family dwelling. The next 470 feet in the rear may be used only for two family dwellings. The next 130 feet further to the rear may be used only for apartment dwellings and not for any trade or industry. The remaining 1200 feet north to the Nickel Plate Railway may be used for industry and manufacturing purposes.

Many additional restrictions are imposed as to height, set back distances, etc., of the various buildings. The evidence showed that the normal and reasonable use to be expected of the Realty Co.'s land along Euclid Avenue was for general trade and commercial purposes, and that the restrictive provisions of the ordinance in question impair the salability of this land. The District court held for the Ambler Co. and on appeal to the U. S. Supreme Court, the decision of the lower court was reversed, the court holding:—

1. Building zone laws are of modern origin. They began in this country about 25 years ago. Until recent years urban life was comparatively simple but with the great increase and concentration of population problems have developed, and constantly are developing which require and will continue to require, additional restrictions in respect of the use and occupation of private lands in urban communities.

2. Regulations, the wisdom, necessity and

validity of which, as applied to existing conditions, are so apparent that they are now uniformly sustained, a century ago or even half a century ago, probably would have been rejected as arbitrary and oppressive.

3. Such regulations are sustained under the complex conditions of our day, for reasons analogous to those which justify traffic regulations which before the advent of automobiles would have been condemned as fatally arbitrary and unreasonable.

4. And in this there is no inconsistency for while the meaning of constitutional guaranties never varies, the scope of their application must expand or contract to meet the new and different conditions which are constantly arising.

5. But although a degree of elasticity is thus presented, not to the meaning, but to the application of constitutional principals, statutes and ordinances, which after giving due weight to the new conditions are found clearly not to conform to the Constitution, must fail.

6. The ordinance now under review and all similar laws and regulations must find their justification in some aspect of the police power asserted for the public welfare. The line, which in this field separates the legitimate from the illegitimate assumption of power, is not capable of precise determination.

7. It varies with circumstances and conditions. A regulatory zoning ordinance which would be clearly valid as applied to great cities, might be clearly invalid as applied to rural communities.

8. In solving doubts, the maxim sic utere tuo ut alienum non laedas, which lies at the foundation of the common law of nuisances, ordinarily will furnish a helpful clue. Such law may be consulted, not for the purpose of controlling but for the helpful aid of its analogies in the process of ascertaining the scope of the power.

9. Thus the question whether the power to forbid the erection of a building of a particular kind or for a particular use, like the question whether a thing is a particular nuisance, is to be determined not by the abstract consideration of the building or the thing considered apart, but by considering it in connection with the circumstances and locality.

10. If the validity of the legislative classification for zoning purposes be fairly debatable, the legislative judgment must be allowed to control.

11. The exclusion by general terms of all industrial buildings may exclude a great number of offensive and dangerous industries may exclude in the same breath non-offensive and safe industries.

12. But this is no more than happens in respect to many practices forbidding laws which this court has upheld although drawn along general terms so as to include individual cases that may turn out to be innocuous in themselves.

13. The inclusion of a reasonable margin to insure effective enforcement will not put upon a law otherwise valid, the stamp of invalidity.

14. The argument that the village is a suburb of Cleveland and in the direct line of that city's industrial growth does not preclude the fact that the village is a municipal entity and has the right to limit the course of such development as it sees fit.

15. It is not meant, however, to exclude the possibility of cases where the general public interest would so far outweigh the interests of the municipality that the municipality would not be allowed to stand in its way.

16. We find no difficulty in sustaining the class of cases thus far received. The serious question in the case arises over the provisions of the ordinance excluding from residential districts, apartment houses, business houses, retail stores and shops and like establishments.

17. The decisions of the State courts are numerous and conflicting; but those which broadly sustain the power far outnumber those which do not and apparently there is an always increasing tendency to support the broader view.

18. The cases in support of the broader view cite the following beliefs to support their contentions; that such exclusion bears a rational relation to the health and safety of the community; suppression of disorder; less injury to children; that the construction and repair of streets by confining the bulk of heavy traffic to certain streets makes repairs less expensive and many more.

19. These reasons demonstrate the sound wisdom of these restrictive ordinances and such when based upon them cannot be declared unconstitutional.

20. When the commission has acted and proceedings are had to enforce what it has done, questions may arise as to the validity of some of the various provisions which will be worthy of consideration; but we are unable to say as a whole that the statute is invalid.

Decree reversed.

Mr. Justice Van Devanter, Mr. Justice McReynolds and Mr. Justice Butler dissent.

Note—U. S. District opinion may be found in 2 Abs. 45.

Attorneys—Baker, Hostetler & Sidlo for Realty Co.; James Metzenbaum and W. C. Boyle for Euclid; all of Cleveland.