### No. 80
### JAMES v. TOLEDO (City)
Ohio Appeals, 6th Dist., Lucas Co.

No. 1762. Decided Jan. 3, 1927

**797. MUNICIPAL CORPORATIONS**—When city council passes ordinance declaring street, which takes in lot of one who applied for building permit and started to build, said permit being revoked, and later council repeals former ordinance, damages will not lie against city as they were acting in a governmental function under their police power.

RICHARDS, J.

Jane L. James began this action in the Lucas Common Pleas to recover damages against the city of Toledo. The petition was met by a general demurrer which was sustained and James not wishing to plead further, her petition was dismissed.

In order to determine whether the lower court committed error, it will be necessary to look to the averments of James' petition which were that she was a lot owner in the City of Toledo, and that she, desiring to build a house applied for a building permit, which was issued and paid for; soon after, she, through her contractor, commenced a house and had gotten the foundation, grading, etc., started when the City council passed an ordinance declaring a street which took in James' lot. Thereupon the council served notice upon James of their intention, revoked her permit and ordered her to stop work on her house. Some months later the council repealed the former ordinance and she prays damages on the foregoing facts.

The city based its contentions on two grounds, first that they had a right to abandon appropriation proceedings without being liable in damages therefore and second, that mandamus would lie for the issuance of another permit and therefore damages would not lie. The Court of Appeals held:—

1. If the city in what it did, was acting in a governmental capacity, such liability would not arise. This non-liability in damages for

governmental acts of municipalities has long been established and is a fundamental principal of law.

2. The exercise of power by a municipality under a valid ordinance, to grant or refuse a building permit or license is a governmental function for which the city cannot be held in damages, because the issuing of a permit was a police regulation and governmental in character. 114 OS. 207; Euclid v. Ambler Realty Co., 4 Abs. 816.

Judgment affirmed.

(Culbert & Williams, JJ., concur.)

Attorneys—C. F. Watts for James; F. M. Dotson, Dir. of Law, and Martin S. Dood, Asst. Dir. of Law, for City; all of Toledo.