Campbell, Chief Justice,
delivered the .opinion of the court:
This suit seeks to recover compensation for the requisition or taking of certain property by the United States and for *614 damages incident to such taking. The facts show that for a number of years prior to June 28, 1918, the plaintiff was in possession, as lessée, of certain real estate or space on the pier at the foot of Twenty-fourth Street in the Borough of Brooklyn, N. Y., and of other real estate at New Baltimore on the Hudson River ,in Greene County, N. Y. The plaintiff’s business was that of selling natural ice at wholesale and retail in New York and had been conducted for many years. The ice was harvested and stored in ice houses maintained at New Baltimore and thence transported to the property in Brooklyn, where were maintained storage facilities and conveniences for its sale and delivery to customers. The properties and facilities at New Baltimore and at Brooklyn constituted parts of the one general business. The requisition or taking by the Government is claimed to have been under and by virtue of the act of June 15, 1917, 40 Stat. 182, and the Executive order of July 11, 1917, delegating to the United States Shipping Board Emergency Fleet Corporation the powers granted to the President by the act. To sustain the claim of a requisition by this agency, the plaintiff shows that the Todd Shipyards Corporation acquired title to the pier at the foot of Twenty-fourth Street in 1915 or 1916. At the time, and subsequent, there were several tenants on the pier. This corporation owned a shipyard known as the Tebo Yacht Basin plant, adjacent to the property of the Twenty-fourth Street pier, that was operated by a subsidiary of the Todd Shipyards Corporation. This fast-named corporation ,in 1917 entered into a contract with the Navy Department for the construction of 10 mine sweepers and also into a conti'act with the United States Shipping Board Emergency Fleet Corporation for certain work on 20 wooden hulls of that corporation at the Tebo Yacht Basin. Under the terms of this contract the Emergency Fleet Corporation delivered engines and equipment for the wooden hulls, and such material and equipment were placed on the Twenty-fourth Street pier, owned by the Todd Shipyards Corporation. Representatives of the Todd Corporation having learned that parts of these engines were missing from time to time and that the materials were being scattered, and also finding the need of more space, conferred *615 with the various tenants and with the district supervisor of the Emergency Fleet Corporation with the view of getting these tenants to move and thus secure the desired space for itself. On June 26, 1918, the Todd Shipyards Corporation, by its president, wrote to the supervisor of installation of the Emergency Fleet Corporation, located ,in New York City, stating that the Todd Corporation had served notice on the several tenants to vacate upon a month’s notice, but that Schumann (plaintiff) and another had leases that did not exp,ire for some months; that no effort had been made to get these tenants to give up their leases, and adding that on account of the nature of the work being done, the company “ desired all the privacy possible at its plant.” Following th,is letter was one under date of June 28, 1918, addressed to plaintiff by W. Gr. Hudson, district supervisor for the United States Shipping Board Emergency Fleet Corporation, second district, which informed plaintiff that there was being sent to the Todd Shipyards Corporation machinery and equipment for some 20 hulls and that their work for the Emergency Fleet Corporation covered its installation. The letter added: “ This is urgent war work and there is insufficient storage capacity. It will be necessary, therefore, to take over as a war measure the building you are now occupying on the Twenty-fourth Street dock. You wifi therefore please arrange to vacate the premises at the earliest possible date. You can take up through this office or directly with' the Todd Co. reimbursement for the expense to which you are put.” This letter furnishes the basis of the claim that plaintiff’s property was requisitioned. A few days after the letter was written a representative of the Todd Co. conferred with plaintiff, during which the plaintiff stated that ,if the Todd Co. would permit him to stay until the close of the ice-business season he would vacate and he did accordingly vacate in October or November, 1918. The plaintiff’s leases were on property acquired by the Todd Shipyards Corporation after the leases were made; Their terms expired in May, 1919.
The first question that arises is whether there was a requisition or taking by the United States, or any authorized agency, of plaintiff’s property. The act of June 15, 1917, *616 authorized the President “(d) To requisition and take over for use or operation by the United States any plant or any part thereof without taking possession of the entire plant, whether the United States has or has not any contract or agreement with the owner or occupier of such plant.” This provision is enlarged by the act of November 4,1918, 40 Stat. 1022, but while the taking complained of antedates this statute, the latter may serve to indicate the intent of the statute under consideration. The later act authorizes the acquisition of plants, as wel) as the title to or use of land or an interest therein. There were other acts under which property could be requisitioned and expropriated by the Government, but the present case is confined to the act mentioned because it is only under that act that the action of the United States Shipping Board Emergency Fleet Corporation can be made the basis of this suit. It was the authority and power vested by this act that the President exercised through the organization just mentioned. It may be stated at this point that many of the items of the claim can not be allowed even if there was a taking. The Government did not take, nor was it authorized to take, plaintiff’s ice facilities at New Baltimore or its business anywhere. No recovery can be had as for a takjng of the business. “ If the business was destroyed the destruction was an unintended incident of the taking of land.” Mitchell's case, 267 U. S. 341, 345. Consequential damages are not recoverable. Bothwell case, 254 U. S. 231; Mitchell case, supra; Gulf Refining Co. case, 58 C. Cls. 559. But was there “ a requisition or taking over for use or operation by the United States of any plant ” or any part thereof or a taking of any property of plaintiff? All that appears in evidence is that a district supervisor of the Emergency Fleet Corporation wrote the letter to plaintiff above quoted. It is thoroughly established that “ in order that the Government shall be liable it must appear that the officer who has physically taken possession of the property was duly authorized so to do, either directly by Congress or by the official upon whom Congress conferred the power.” United States v. North American Go., 253 U. S. 330, 333. In other words, it must be shown in this case that the President or his selected agency, the United' States Shipping *617 Board Emergency Fleet Corporation, or its duly constituted agent acting for it, requisitioned and took over plaintiff’s property. The Mr. Hudson, who wrote the letter, was not vested with authority to act for the Fleet Corporation in the matter of requisitioning property such as that corporation, under its delegated powers, might requisition. It had conferred its power in that regard upon its general manager or president, but not upon its district supervisors. The latter had defined and limited duties, principally the expediting of the construction of ships and cooperating with shipbuilders to accomplish this end. Hudson wrote to plaintiff because the Todd Co. wanted the space. He told Todd that he had no authority to remove the tenants and also that plaintiff was free to disregard the letter. And while his action in writing the letter is not to be commended in view of the limitation, known to himself, upon his authority, it is yet to be said that his action was voluntary and was not that of the United States or of the Emergency Fleet Corporation as the agent of the United States. The plaintiff did not act as though his property was being taken. He dealt with the Todd Corporation and agreed to give up his lease at the end of the summer ice season. He did give it up and paid no rent afterwards. His lease would have expired in any event before the next summer. In no sense could the Todd Shipyards Corporation be regarded as an agency of the Government. It had contracts to do work. The United States and no one for the Government took over or expropriated plaintiff’s property. The petition should be dismissed. And it is so ordered.
Moss, Judge; Geaham, Judge; and Booth, Judge, concur.