In the Matter of the Application of THE CITY OF NEW YORK, Appellant, Relative to Acquiring Title to Real Property Required for the Opening and Extending of Northern Boulevard (Jackson Avenue) in the Borough of Queens. KOPPERS COMPANY, Respondent.

Argued May 16, 1939; decided July 11, 1939.

*William C. Chanler, Corporation Counsel (Joseph F. Mulqueen, Jr.,* and *Julius Isaacs* of counsel), for appellant.

*Bernard M. Fineson, Clarence C. Ferris* and *Millard F. Kuh* for respondent.

FINCH, J. This was a condemnation proceeding instituted in 1925 by the city of New York to acquire title to the existing Northern boulevard to a width of 100 feet. In 1926, by amendment, the width in the block adjoining Flushing river was increased to 150 feet. In 1929 another amendment increased the width in this same block to 175 feet. On the trial, which began in March, 1931, and ended in June, 1932, no claim was made by this claimant for consequential damage due to the proposed physical improvement by way of a ramp, or otherwise. Upon hearing of the objections, which began in January, 1934, and continued

until May, 1936, counsel for claimant for the first time, and over objections of the city, sought to prove by an employee in the Topographical Bureau of the city, the details connected with a proposed and tentative plan for the building of a new and wider bridge over Flushing river. This would occasion a ramp as a westerly approach to the bridge, which would occupy a small portion of the property taken from claimant, and would face the remaining portion of the land of claimant. However, there would be a portion of the street in front of claimant's property which would lie between this property and the side of the ramp for service as a street 43.5 feet wide. According to the tentative plan, the ramp was to begin in Northern boulevard approximately 600 feet from the bridge, and gradually to rise until at Flushing river the structure would be twenty-five feet above the grade of the street. The remainders of parcels on the northerly side, and the remainder of this parcel of claimant on the southerly side, would be served by two marginal or service roadways on either side of the ramp and running between the ramp and the abutting property. The ramp would be entirely in the bed of the former Northern boulevard, except that on its southerly side it would extend over a very small portion of what was claimant's property taken in this proceeding.

When and if constructed (it has been proposed for upwards of thirteen years now, and so far as this record shows, has not yet been finally determined) this ramp will be in the center of a legally acquired street and abut on no private property.

The city objected to this testimony introduced by the claimant, upon the ground that the lands were acquired in this proceeding for street purposes and for no other purpose, and that this evidence was immaterial and irrelevant, since the proposed use or plan had not in fact been finally determined upon prior to the vesting date, December, 1935, or even up to the time of the making of this record. The objections of the city were overruled, and the court at Special Term permitted amended appraisals and estimates

of damage based upon this tentative and proposed use. Upon such new testimony the court at Special Term revised its awards and allowed a substantial sum to claimant for consequential damages due to the proposed use of Northern boulevard. Likewise, consequential damages were allowed to other damage parcels. Upon appeal to the Appellate Division, all awards for consequential damage were stricken out except to claimant. This appeal relates solely to such award.

The question presented for decision is whether a distinction should be made in allowing consequential damages between the parcels on the northerly side and this claimant on the southerly side, although all are affected in a similar manner. The Appellate Division, in reaching this result, relied upon the rule in *Southern Buffalo Ry. Co.* v. *Kirkover* (176 N. Y. 301), where it was held that a private condemnor, in that case a railroad, would have to pay consequential damages to the untaken balance of a parcel of real property by reason of the severance and use to which the property taken was to be put. Since no part of the property taken on the northerly side was used for the building of the ramp, as here the proposed ramp was to be built in the bed of the original street, the Appellate Division denied any recovery for consequential damages in this proceeding and held that the owners of these parcels were relegated to proving their damage in change of grade proceedings, citing *People ex rel. Crane* v. *Ormond* (221 N. Y. 283).

The title acquired by the city in this proceeding was in fee simple absolute as a street for the general benefit of the public, including the abutting owners. The original resolution of the Board of Estimate, which authorized this improvement, and the various amendatory resolutions, did not go beyond the acquisition of any other title than one in trust for street purposes. The petition of the city was equally specific in the limitations of its purpose. (See *Matter of Culver Contracting Corp.* v. *Humphrey*, 268 N. Y. 26.) This conclusion is confirmed by the finding of the Appellate Division, " The taking here was in trust for street

purposes only." That the position of the city was not misunderstood nor the claimant misled is evidenced by the fact that on the trial no claim was made for consequential damage due to any proposed physical improvements. It was only on the hearing of objections to the tentative decree, which began almost two years after the conclusion of the trial, that claimant introduced testimony to secure such consequential damages in this proceeding. At that time counsel for claimants elicited from an employee in the Topographical Bureau of the city evidence as to details connected with a proposed and tentative plan for the building of a new bridge over the Flushing river and a westerly approach to such bridge. Respondent seeks in its brief to justify the award upon the theory " of the probability that the intended use of the part taken would be carried through as planned and that such probability effected a diminution in the market value of the part remaining at the time of vesting of title in the City * * *." At the time of the vesting of title in the city, in December, 1935, all the parcels on this block, both on the northerly and southerly sides, were in the same situation. The proposed use or plan of improvement had in fact not even been finally determined prior to the vesting date. Even if the final map of the city contained plans for the building of the ramp, this does not prevent the city from altering the character of the improvement. (*Matter of City of New York* [*Saratoga Ave.*], 226 N. Y. 128, 137, 138.) In fact, since the original proceeding in 1925, the width of the street in this block has been changed from 100 feet to 150 feet and then to 175 feet. Nothing even now prevents the city from again changing the plans. A higher and wider bridge would necessitate a higher and wider ramp. A wider ramp might encroach on the proposed plans to leave generous service streets between the sides of the ramp and the property of the abutters. One change often leads to many others. To allow damages to this claimant before proposed and tentative plans come to fruition would bring into the proceeding highly speculative and imaginary elements, which

would produce results unfair alike both to the claimant and the city. This claimant has a remedy whereby he may recover and the city pay for such damages as have actually been occasioned by the physical improvement after the plans have been finally determined upon and the ramp erected. (Cf. *People ex rel. Crane* v. *Ormond,* 221 N. Y. 283.) By emphasizing the tentative nature of the proposed plans for the bridge, we do not mean to overrule our holding in *Sauer* v. *City of New York* (180 N. Y. 27; affd., 206 U. S. 536) where an owner of property abutting upon a street owned in fee by the city was denied relief in the absence of legislation.

The order appealed from should be modified by striking out the award of consequential damages to the owner of parcel No. 51, and as so modified affirmed, without costs.

CRANE, Ch. J., HUBBS, LOUGHRAN and RIPPEY, JJ., concur; LEHMAN, J., concurs in result; O'BRIEN, J., taking no part.

Ordered accordingly.