(No. 25959.—

Cora Eckhoff *et al.* Appellants, *vs.* The Forest Pre-serve District of Cook County, Appellee.

*Opinion filed June 13, 1941—Rehearing denied September 10, 1941.*

GEORGE P. NOVAK, and DAVID H. JACKSON, (DANIEL S. WENTWORTH, and HOWARD F. BISHOP, of counsel,) for appellants.

GEORGE BASTA, and FRANK S. RIGHEIMER, (FRANK S. RIGHEIMER, JR., of counsel,) for appellee.

Mr. JUSTICE STONE delivered the opinion of the court:

Appellants filed suit in the circuit court of Cook county alleging that they are damaged by what they characterize as appellee the Forest Preserve District's continuous, wrongful, needless and vexatious delay in the exercise of the power of eminent domain concerning their property. The second amended complaint alleged the ownership of about 80 acres of land, declared the best use was for residential subdivision purposes, and set out the acts of the Forest Preserve District, which they claim are the basis of their suit.

Appellee, hereinafter also referred to as the district, filed a motion to strike the amended complaint on the ground, in substance, that it failed to state a cause of action. The motion was allowed and the amended complaint was stricken. Appellants appeal directly to this court on the ground, as they say, that a constitutional question is presented, since, under sections 2, 13 and 19 of article 2 of the constitution of this State and the fifth and fourteenth

amendments to the constitution of the United States, they have a right to compensation for damages to land not taken, arising out of the dilatory tactics of the district. Appellee argues that no constitutional question is presented giving this court jurisdiction on direct appeal.

By plaintiffs' original brief it is argued that their action is for damages occasioned by the wrongful acts of the district by which their right of free use and enjoyment of their property was interfered with. In their reply they contend that this is an action to recover compensation for damage to land not taken, occasioned by the delay referred to, in violation of section 13 of article 2 of the constitution, which provides that private property shall not be taken or damaged for public use without payment of just compensation.

The second amended complaint sets out that during the period from 1925 until 1938, different notices of a proposed taking of appellants' property were served on them, and that, in 1938, a condemnation proceeding was instituted and prosecuted to a conclusion, whereby the district took 20 acres of the 80-acre tract.

The first question presenting itself on this record is whether this court has jurisdiction on direct appeal. It has been held that a property owner has a right to recover compensation for damages occasioned by wrongful delay in the prosecution of condemnation proceedings, and that such an action is based on the constitutional provisions herein referred to. (*Winkelman* v. *City of Chicago,* 213 Ill. 360; *Roach* v. *Village of Winnetka,* 366 id. 578.) Those were cases where condemnation proceedings had been instituted and delay came thereafter. In the case before us a condemnation proceeding was instituted in 1931, but abandoned. It is not claimed its dismissal was not prompt or that the injury here complained of grew out of any delay while that proceeding was pending. The only other condemnation suit was that in 1938, which, as we

have seen, was prosecuted to a conclusion, taking 20 acres. The complaint is based on delay in bringing condemnation proceedings, accompanied by negotiating with and serving various notices on appellants concerning the taking of their property for park purposes.

The complaint states the facts as alleged to exist. Those facts, so far as properly pleaded, are admitted by the motion to strike. Whether the admitted facts amount to a cause of action for damage to property not taken for public use, depends upon whether those facts bring the cause within the constitutional provisions invoked. That, in turn, depends upon what those provisions mean. Thus a question of the construction of the constitution is raised. As that question has not been passed upon by this court, the appeal was properly brought here.

It has been held that to render a municipal corporation liable for compensation for damages arising out of delay in bringing a condemnation suit to trial, or for omission to make an election to take the land or abandon the proceedings within a reasonable time after the judgment has been fixed, the acts complained of must be wrongful and injurious to entitle the landowner to recover. *Winkelman* v. *City of Chicago, supra;* 2 Dillon on Municipal Corporations, (4th ed.) sec. 609; *Simpson* v. *Kansas City,* 111 Mo. 237; *Feiten* v. *City of Milwaukee,* 47 Wis. 494; *Carson* v. *City of Hartford,* 48 Conn. 68; *Norris* v. *City of Baltimore,* 44 Md. 598.

Under the constitution of 1848, it was essential to a right of recovery that there be direct physical injury to the *corpus* of the property by which the owner sustained some special pecuniary damage in excess of that sustained by the public generally, which, by the common law, would, in the absence of any constitutional or statutory provision, give a right of action. Under the constitution of 1870, redress is afforded in a certain class of cases for which there was no remedy under the constitution of 1848. It

is clear, however, that this constitutional provision is not intended to reach every possible injury that might be occasioned by a public improvement. Certain injuries are necessarily incident to the ownership of property within a municipality possessing the power of eminent domain, which may indirectly impair its value but for which the law does not and never has afforded relief. Such, for instance, as damage by the building of certain public buildings, as a jail and the like, which has a general effect to depreciate the value of neighboring property. Likewise, an obstruction in a public street, if it does not practically affect the use or enjoyment of the neighboring property, is not subject to compensation. The rule is that in all cases, to warrant recovery, it must appear that there has been some direct disturbance of a right which the plaintiff enjoys in connection with his property and which gives to it an additional value, and that by reason of the disturbance of that right he has sustained special damage with reference to his property, in excess of that sustained by the public generally. *Rigney* v. *City of Chicago,* 102 Ill. 64.

In this case, the second amended complaint alleged the ownership of the tract of 80 acres within the area subject to. condemnation by the defendant municipality; that, in 1925, appellee adopted recommendations of its plan commission for the creation of a forest preserve in a stated area and designated certain portions of appellants' land to become part of the said forest preserve district, and certain ordinances were thereafter passed and numerous notices served upon appellants relative to the acquisition of various portions of this tract of land, and that said proceedings continued for a period of 13 years, by reason of which the right of free enjoyment, use and disposition of their land for the highest and best use as an entire tract, was infringed. The amended complaint also alleged a duty on the part of the defendant district to proceed diligently and without delay in such matter and that, by reason of the delay, value of lands in the vicinity had so depreciated that in 1938,

when a petition to condemn 20 acres of the land was filed and prosecuted, and the district acquired 20 acres of appellants' lands, appellants were awarded but $1000 per acre, which is much less than the amount which could have been realized within a reasonable time after appellee gave notice the lands were to be taken.

Appellants concede that the district is vested with the power to take lands for forest preserve park purposes by eminent domain. Where the power to condemn exists, the right to determine whether it shall be exercised likewise exists. That determination is a legislative matter with which courts are not concerned, and as to the propriety or necessity of the exercise of such right they will not inquire. (*Village of Depue* v. *Banschbach,* 273 Ill. 574.) The question here is whether, under the constitution, appellants have a right to recover from the district because of the notices they have received indicating that the district contemplated taking the land for park purposes, and the other acts herein referred to and set out in the complaint.

Appellants contend that by the declaration of necessity for acquiring appellants' lands, or a part thereof, together with such notices and negotiations for the purchase thereof as alleged in the complaint, condemnation proceedings were actually started and were under way, and that the rule relating to delay when a condemnation petition has been filed should be declared applicable. They cite no cases so holding or other authority supporting that view and we are aware of none. On the other hand, appellee insists that nothing done by it affected in any way the value of appellants' property, and they had the unhampered right to use the property for any purpose they saw fit until a petition for condemnation was filed, and, if subdivided and built upon, such fact would enter into the value of the property taken.

In *City of Chicago* v. *Lederer,* 274 Ill. 584, it was argued that the trial court erred in refusing to instruct the jury in a condemnation proceeding, that depreciation caused

by the passage of an ordinance to condemn must be added to the value of the land at the time of the filing of the petition for condemnation. That position was not sustained, however, but this court, on the other hand, held that the jury was not entitled to consider evidence as to the value of the tract to be taken on the supposition that the property was menaced by the ordinance; that the witnesses should be restricted to their valuation at the time of the filing of the petition for condemnation, and this upon the supposition that the property belonged absolutely to the original owners with full right to use it or build upon it for any purpose they might see fit, up to the time of the filing of the petition, notwithstanding the ordinance. It was there also held that land is not damaged by reason of preliminary procedure looking to its appropriation to a public use. It seems obvious that the taking or damaging of land by eminent domain is not accomplished by passing resolutions or ordinances, nor by negotiating with the owner for the purchase of it, or serving notices upon him that the land may be required for public purpose. The series of corporate actions by the appellee district, complained of, cannot be said to have had the same effect upon their land as the filing of a condemnation petition. Such could not, in any sense, be held to be the taking of land or damaging of land not taken. The fact that at some future time a municipal corporation, with power of eminent domain, may require the land of a private owner, is one of the conditions on which the owner holds land in this State. Entering into negotiations for the purchase, and filing of a petition to condemn, vests no interest in land. (*Van Winkle* v. *Loehde,* 336 Ill. 327; *City of Chicago* v. *Ridge Park District,* 317 id. 123; *Forest Preserve District* v. *Kean,* 303 id. 293.) The filing of a petition to condemn gives the petitioner a right to obtain title to the property at its then market value, and private rights thereafter acquired in the property are subject to the pending suit.

*Schreiber* v. *Chicago and Evanston Railroad Co.* 115 Ill. 340; *Mills* v. *Forest Preserve District,* 345 id. 503.

Appellants were not, by the acts complained of, restricted in the use or occupancy of their property, and, in fact, the amended complaint alleges that in March, 1932, the county highway department condemned two and one-half acres for a public highway and paid appellants therefor the sum of $2700 per acre. We are of the opinion that the resolutions and notices complained of in this case, and the delay in taking the 20 acres complained of, do not give the appellants right to compensation under section 13 of article 2 of our constitution or the other constitutional provisions invoked.

The circuit court did not err in dismissing the complaint, and its judgment is affirmed.

*Judgment affirmed.*