(No. 32615.—

THE DEPARTMENT OF PUBLIC WORKS AND BUILDINGS, Appellee, vs. FLORENCE W. WOLF et al.—(WILLIAM F. DIXON et al., Appellants.)

*Opinion filed March 23, 1953.*

WALTER W. WINGET, and ROBERT E. HUNT, both of Peoria, for appellants.

IVAN A. ELLIOTT, Attorney General, of Springfield, (WILLIAM C. WINES, RAYMOND S. SARNOW, and A. ZOLA GROVES, of counsel,) for appellee.

Mr. JUSTICE HERSHEY delivered the opinion of the court:

This was a proceeding in the circuit court of Peoria County to condemn the rights of access, ingress and egress to and over an existing right of way for the construction of a freeway, and to determine the damages accruing to

the owners of adjacent properties pursuant to section 3 of the Freeways Act. (Ill. Rev. Stat. 1951, chap. 121, par. 336.) This right of way had been acquired by the State of Illinois, by purchase several years prior to the filing of this petition to condemn, for a highway to be known as Federal Aid Route 172 with no abridgement of the benefits of the ordinary rights of access, ingress, and egress to and over said right of way or the highway when completed. The appellants, owners of certain adjacent parcels of property whose rights of access, ingress and egress were condemned, appeal from the judgment of the circuit court rendered on a verdict of no dollars as damages.

On October 5, 1951, the Department of Public Works and Buildings of the State of Illinois, appellee here, filed a petition to extinguish or limit by condemnation the rights of access, ingress, egress and crossing by vehicular traffic of abutting property owners onto a right of way previously purchased by the State and known as Federal Aid Route 172. The suit was filed against several property owners, but many of them then settled with the State. The case was pursued, over objections of counsel, as to the following property owners and appellants here: Dr. William F. Dixon and his wife, Caroline Dixon, Richard A. Jockisch and his wife, Norma L. Jockisch, and Luella C. Jockisch, a widow.

Richard and Norma Jockisch own, as joint tenants, a tract of land in the city of Peoria described in the petition as tract 17-A. A strip of land 120 feet in width along the northerly side of this property had previously been dedicated to the State of Illinois for a highway designated as Federal Aid Route 172. When the Jockischs acquired title in May of 1949 the south side of Route 172 was recited as the north boundary of their property.

Luella Jockisch, mother of Richard Jockisch, owns the tract of land adjoining her son's property on the east and known as tract 16-A. The deed to Luella Jockisch like-

wise refers to Route 172 as the north boundary of her property, 120 feet off the northerly end previously having been dedicated to the State therefor.

Dr. William Dixon, in the 1930's, purchased and still owns two adjacent tracts of land, each about 155 feet in width and extending in an east-west direction between Sheridan Road and North Street in the city of Peoria, a distance of a quarter mile. These lots are known as lots 16 and 17 in Benton Corrington Place. On January 9, 1949, Dr. Dixon and his wife sold to the State of Illinois a strip of land 120 feet wide off of the north side of lot 17. Lot 16 lies immediately to the south of lot 17.

A hearing was had, during the course of which the jury viewed the premises. A verdict of no dollars damages to the land not taken was returned. Motion for new trial was overruled and judgment entered on the verdict.

The record discloses that two witnesses, real-estate brokers, called by the State of Illinois as appraisers, testified they had examined these properties and had found "Freeway" signs erected on the right of way along the north edge of each piece of property examined. They also testified that they had been advised that the State had declared this right of way to be a freeway in August of 1949, and that in their appraisal they assumed on October 5, 1951, the date of filing this petition to condemn, that the right of way of Route 172 was a freeway and, based on this assumption and comparing the value of appellants' properties on the date of the filing of the petition with the probable value of same on completion of the highway, they concluded there could be no change in the value of the appellants' properties.

The assistant Attorney General inquired of an appraiser, who testified in behalf of the appellants, whether he was aware that freeway signs were posted at the time this petition was filed, and that the freeway had been declared over two years prior to October 5, 1951.

From the verdict returned, it is evident that the jury believed the testimony presented by the State, and based their determination upon the basis that the right of way purchased for Route 172 had been a freeway from the date of the erection of the freeway signs, as urged by the State's appraisers. Having heard testimony relating to this freeway declaration and the posting of these signs, the jury was taken to view the premises where it too observed the freeway signs. This court has determined that the taking or damaging of land by eminent domain is not accomplished by passing ordinances or resolutions, or by serving notice upon the owner that the land may be required for public purposes. (*Eckhoff* v. *Forest Preserve Dist.* 377 Ill. 208.) Hence this declaration of freeway in August, 1949, and the erection of freeway signs adjacent to these properties could not have the effect of extinguishing or limiting the access rights of appellants' property or of damaging said property. Such a result ensued only from the actual condemnation. The appellee's appraisers were incorrect in considering the effect of such facts and were thus incorrect in their assumptions and as a consequence in their conclusions.

The rights of access, ingress and egress condemned by this petition are valuable property rights and cannot be taken away or materially impaired without just compensation. (*Lydy, Inc.* v. *City of Chicago,* 356 Ill. 230; *Illinois Malleable Iron Co.* v. *Comrs. of Lincoln Park,* 263 Ill. 446.) This rule applies not only in Illinois but is generally recognized to be the law throughout the United States. (39 C.J.S. 1081, Highways, sec. 141.) Moreover, the Freeways Act, in the section under which this proceeding is brought, (Ill. Rev. Stat. 1951, chap. 121, par. 336,) specifically recognizes an abutting property owner's rights of access, ingress or egress as property rights which may be extinguished only by purchase or condemnation. It thus recognizes the rights as being of value, and that the taking thereof must be compensated.

We do not hold, of course, that there may never be circumstances which would justify a jury in finding that particular easements are without value. But such a verdict must be based upon admissible evidence and proper instructions.

Upon argument before this court, the State of Illinois abandoned the position it had taken in the lower court and in its briefs presented here, and recognized the right of access as a compensable property right, the taking of which might inflict some damage upon these abutting properties.

In the light of existing principles of law, and the errors apparent in the record, the judgment of the circuit court of Peoria County is necessarily reversed and the cause remanded for a new trial to determine the damages.

*Reversed and remanded.*