## CARR et ux. v. CITY OF ANCHORAGE et al.

No. A–8714.

District Court, Alaska
Third Division, Anchorage.

Sept. 17, 1953.

440

Bailey E. Bell, of Bell & Sanders, Anchorage, Alaska, for plaintiffs.

Ralph E. Moody, of Kay, Robison & Moody, Anchorage, Alaska, for defendants.

FOLTA, District Judge.

This is an action for damages against the defendant City and its building inspector for alleged negligent and fraudulent delay in issuing a building permit to plaintiffs, and for the loss of plans and specifications submitted with the application for the permit. Each defendant has moved to dismiss the complaint for failure to state a claim.

It is well settled that, in the absence of statute, a municipality is not liable for the tortious acts of its officers committed in the performance of governmental functions, City of Miami v. Bethel, Fla., 65 So.2d 34; Rittmiller v. School District, D.C., 104 F.Supp. 187; City of Midland v. Hamlin, Tex.Civ.App., 239 S.W.2d 159, 25 A.L.R.2d 1048; Clinard v. City of Winston-Salem, 173 N.C. 356, 91 S.E. 1039, and it clearly appears that the licensing function is governmental. City of Winston-Salem, supra; James v. City of Toledo, 24 Ohio App. 268, 157 N.E. 309; Akin v. City of Miami, Fla., 65 So.2d 54.

The common-law rule referred to is in effect in this jurisdiction, Section 56–2–2 A.C.L.A.1949, from which it follows that the defendant City is immune from liability for the alleged negligence of its building inspector, the co-defendant here. The obvious remedy by way of mandamus to compel the building inspector to act, was not resorted to.

Turning to the co-defendant Chitty, who, it is alleged, wilfully and fraudulently delayed the issuance of the permit, it would appear that he cannot claim the benefit of the City's immunity because a municipal officer, acting within the scope of his authority, with discretion and in the performance of a governmental function, is protected from civil liability only for errors of judgment or for negligence. Rehmann v. City of Des Moines, 204 Iowa 798, 215 N.W. 957, 55 A.L.R. 430; Lindemann v. City of Kenosha, 206 Wis. 364, 240 N.W. 373; Holgerson v. City of Devil's Lake, 63 N.D. 155, 246 N.W. 641; Browne v. City of Bentonville, 94 Ark. 80, 126 S.W. 93; Clinard v. City of Winston-Salem, supra.

I am of the opinion, therefore, that Chitty's motion should be denied, and that of the City granted.