Frank HAMER, Doing Business as Frank Hamer Realty Company, Appellant,

v.

STATE HIGHWAY COMMISSION of the State of Missouri, and Rex M. Whitton, Chief Engineer of the State Highway Commission of the State of Missouri, Respondent.

No. 45679.

Supreme Court of Missouri, Division No. 2.

Sept. 9, 1957.

. Edwin C. Orr, Columbia, Williams & Norton, North Kansas City, for appellant.

Robert L. Hyder, Minor C. Livesay, Wilkie Cunnyngham, Jefferson City, for respondents.

STOCKARD, Commissioner.

■ Plaintiff has appealed from the judgment of the trial court dismissing his petition for failure to state a claim upon which relief can be granted. Jurisdiction is in this court because by his petition plaintiff seeks damages in the amount of $148,-000, Harris v. Bates, 364 Mo. 1023, 270 S.W.2d 763, and also, because the determination of the issues in this case necessarily involves the construction of Article I, Section 26, Constitution of Missouri, V.A. M.S., Midwest Bible & Missionary Institute v. Sestric, 364 Mo. 167, 260 S.W.2d 25.

We need to set out only the substance of the allegations of the petition. Plaintiff alleged that on May 1, 1954, he purchased approximately 250 acres of land in Clay County, Missouri, and then started to develop it as a subdivision to be known as Hamilton Heights. In doing so he "laid out, planned, located the lots, streets and sewer ways." Shortly thereafter he was "plainly, positively and factually" told by agents of the Missouri State Highway Commission that a new limited access highway was to be constructed over a part of his land, and that he should not develop that part which was to be used for right-of-way purposes because if he did so the improvements placed thereon would be lost to him. Thereafter plaintiff examined the plans and surveys prepared by the Highway Commission for the proposed highway, which showed that it would cross over his land, and he then "did replan, redesign and replot and rebuild his whole plan of subdividing" his land to conform to the plans of the Highway Commission. In April 1955 a representative of the Highway Commission appraised plaintiff's property and attempted to negotiate with him for the purchase of the right-of-way over his land, but plaintiff declined because he needed more time to determine the proper price. Two weeks later he was advised that the Highway Commission "had changed its mind," that the location of the proposed highway had been changed, and that no land of plaintiff's was to be taken for highway purposes. Plaintiff then alleged that by reason of the acts of the Highway Commission his property has been taken for public use and has been damaged without just compensation in the amount of $148,000, for which amount he prayed judgment.

In plaintiff's brief he states that he does not contend that the Highway Commission actually at any time physically invaded or trespassed on his property, and it is fur-

ther stated that "the theory of appellant's case, as alleged in his petition, is neither in tort nor in contract, but is based squarely on the proposition that private property shall not be taken or *damaged*, for public use, without just compensation." We are not concerned with the question of whether the Highway Commission is liable for the torts of its agents, and if so, whether the above alleged occurrences would give rise to a cause of action in tort. We have the sole question of whether the above acts constitute a taking or damaging of plaintiff's property within the meaning of Art. I, § 26, Constitution of Missouri 1945, which, in the part here material, provides "That private property shall not be taken or damaged for public use without just compensation."

Prior to 1875 the Constitution of Missouri provided that no private property ought to be taken or applied to public use without just compensation. Art. I, § 16, Constitution of Missouri 1865. Subsequent to 1870 several of the states, the first being Illinois, altered their organic law to provide that private property shall not be taken or *damaged* for public use without just compensation. II Nichols, Eminent Domain, 3d Ed., § 6.44. Missouri first adopted such a provision in 1875. Art. II, § 21, Constitution of Missouri 1875. In referring to the purpose and effect of this change, this court has stated: "The amendment must be construed and applied in view of the evils which it was designed to remedy. We have seen that before this amendment there were many cases where the *corpus* of the property was not taken, yet rights directly annexed to the property were injured, and that for such consequential damages the property owner had no remedy, because the act was authorized by law. Whether the plaintiff must now, in all cases, when claiming that his property has been 'damaged' for public use, show that the injury is one for which he might have maintained an action if the act had not been done by authority of law, we need not say in this case. What we do say is this:

that he must show that the property itself, or some right or easement connected therewith, is directly affected, and that it is specially affected." Van De Vere v. Kansas City, 107 Mo. 83, 17 S.W. 695, 697, 28 Am.St.Rep. 396. See also Funke v. City of St. Louis, 122 Mo. 132, 26 S.W. 1034; Peters v. Buckner, 288 Mo. 618, 232 S.W. 1024, 17 A.L.R. 543; State ex rel. City of St. Louis v. Beck, 333 Mo. 1118, 63 S.W.2d 814, 92 A.L.R. 373; State ex rel. State Highway Commission v. Blobeck Investment Company, 233 Mo.App. 858, 110 S.W.2d 860. The Supreme Court of Illinois has construed the "taking or damaging" provision in the Illinois Constitution, S.H.A.Const. art. 2, § 13, as follows: "The rule is that in all cases, to warrant recovery, it must appear that there has been some direct disturbance of a right which the plaintiff enjoys in connection with his property and which gives to it an additional value, and that by reason of the disturbance of that right he has sustained special damage with reference to his property, in excess of that sustained by the public generally." Eckhoff v. Forest Preserve Dist. of Cook County, 377 Ill. 208, 36 N.E.2d 245, 247. See also Rigney v. City of Chicago, 102 Ill. 64 and Chicago v. Taylor, 125 U.S. 161, 8 S.Ct. 820, 31 L.Ed. 638.

■ While it is not always necessary that there be an actual physical taking of any part of property in order to have a taking or damaging thereof within the meaning of Art. I, § 26, Constitution of Missouri 1945, Prairie Pipe Line Company v. Shipp, 305 Mo. 663, 267 S.W. 647, it is necessary that there must be an invasion or an appropriation of some valuable property right which the landowner has to the legal and proper use of his property, which invasion or appropriation must directly and specially affect the landowner to his injury. Van De Vere v. Kansas City, supra; Funke v. City of St. Louis, supra; State ex rel. St. Louis v. Beck, supra; State ex rel. State Highway Commission v. Blobeck Inv. Co., supra; Newman v. City of El Dorado

Springs, Mo.App., 292 S.W.2d 314; Spurrier v. Mitchell Irrigation District, 119 Neb. 401, 229 N.W. 273, 74 A.L.R. 884, certiorari denied 283 U.S. 796, 51 S.Ct. 484, 75 L.Ed. 1420; City of Chicago v. Spoor, 190 Ill. 340, 60 N.E. 540; Hohmann v. City of Chicago, 140 Ill. 226, 29 N.E. 671; Eckhoff v. Forest Preserve District of Cook County, supra; 29 C.J.S. Eminent Domain § 110; II Nichols, Eminent Domain, 3d Ed., § 6.4432 [2]; I Lewis, Eminent Domain, 3d Ed., § 366.

■ In this case plaintiff does not contend that there has been any actual or physical taking of his property. Therefore, the precise question presented is whether the following occurrences constitute an invasion or appropriation of any valuable right of plaintiff for the proper and legal use of his property within the meaning of Art. I, § 26, Constitution of Missouri: (1) the preparation of plans and surveys of the Highway Commission for the construction of a proposed highway over plaintiff's land, (2) the notice to plaintiff by the Highway Commission of its intention to construct a highway over his land and the action of the Highway Commission in making available to plaintiff its plans and surveys for the proposed highway, (3) the change by plaintiff of his plans for the future use of his land to conform to the plans of the Highway Commission to use a portion of his land for highway purposes, (4) the attempted negotiation with plaintiff for the purchase of the land needed for the highway right-of-way, and (5) the subsequent announcement of the Highway Commission that it had abandoned its plans to construct the proposed highway on the lands of plaintiff.

■■ "It is the general rule that a mere plotting or planning in anticipation of a public improvement is not a taking or damaging of the property affected." Annotation, 64 A.L.R. 546. Also, "land is not damaged by reason of preliminary procedure looking to its appropriation to a public use." Eckhoff v. Forest Preserve District of Cook

County, 377 Ill. 208, 36 N.E.2d 245, 248; City of Chicago v. Lederer. 274 Ill. 584, 113 N.E. 883; In re Appointment of Viewers, 103 Pa.Super. 212, 158 A. 296; Miller v. City of Beaver Falls, 368 Pa. 189, 82 A. 2d 34; City of Miami v. Romer, Fla., 73 So.2d 285; In re Northern Boulevard, in Borough of Queens, City of New York, 281 N.Y. 48, 22 N.E.2d 157; Annotation, 64 A.L.R. 546; 29 C.J.S. Eminent Domain § 135. This is a sound rule supported by the logic of the situation, and in the public interest the rule could not be otherwise. Also, it has properly been held that the serving or giving of notice of intention to condemn (Department of Public Works and Buildings v. Wolf, 414 Ill. 386, 111 N.E.2d 322; Eckhoff v. Forest Preserve Dist. of Cook County, supra; Schumann v. United States, 64 Ct.Cl. 607; 29 C.J.S. Eminent Domain § 135), the actual filing of the condemnation petition (State ex rel. City of St. Louis v. Beck, 333 Mo. 1118, 63 S.W.2d 814, 92 A.L.R. 373; 29 C.J.S. Eminent Domain § 135), the passing of ordinances or resolutions authorizing the condemnation (Eckhoff v. Forest Preserve Dist. of Cook County, supra; Department of Public Works and Buildings v. Wolf, supra; 29 C.J.S. Eminent Domain § 135), and the negotiation with the owner for the purchase of the land needed for a public improvement (Eckhoff v. Forest Preserve Dist. of Cook County, supra), do not of themselves constitute the taking or damaging of property in the constitutional sense. In none of these situations is there a physical taking or any invasion or appropriation of any right of the owner to the use of his property.

■ A close analogy to the present situation is to be found where condemnation proceedings are abandoned after they have actually been instituted, and the landowner then seeks compensation for the damages alleged to have resulted from the pendency of the proceeding. However, such a situation obviously presents a stronger case for the landowner than do the facts of this case. The rule applicable to such a situa-

tion is stated in VI Nichols, Eminent Domain, 3d Ed., § 26.45, as follows: "When condemnation proceedings are discontinued, even when there has been no disturbance of the actual occupancy of the land, the owner often suffers pecuniary loss during the pendency of the proceedings. It is difficult to find tenants and unsafe to build on the land. He [the owner] may stop work on a partly constructed building or adapt it to the proposed improvement. He is almost certain to have incurred an attorney's fee. But it is held, in the absence of bad faith or unreasonable delay upon the part of the party which instituted such proceedings, that the owner is not *constitutionally* entitled to recover such expenses and losses; and, when the statutes are silent on the subject, no damages will be awarded him [emphasis added]. * * * The uncertainty caused by the probability that the proceedings will be carried through and the proposed work constructed over his land differs in degree only from that shared by the owners of all property, which may at any time be taken by eminent domain whenever it may chance to lie in the path of a public improvement, and the decrease in income or other loss he may suffer from such uncertainty is held to be *damnum abseque injuria*." This is the rule in Missouri. See State ex rel. City of St. Louis v. Beck, 333 Mo. 1118, 63 S.W.2d 814, 816, 92 A.L.R. 373. There the City filed a petition in condemnation, and after it was pending for several years amended it so that some of the land proposed to be taken was excluded. The landowners sought to have the appraisers determine the damages resulting from the abandonment of the proceedings. This court, en banc, held: "The pendency of the condemnation suit in no way affected the property itself and, therefore, did not damage the property." It was further held that the "damages sustained from the institution and pendency of the condemnation proceeding itself, if any, must be an action sounding in tort" as distinguished from a proceeding to recover compensation for the taking or damaging of

property pursuant to Art. I, § 26, Constitution of Missouri.

Plaintiff places particular reliance on, and cites as being "directly in point," Gasque v. Town of Conway, 194 S.C. 15, 8 S.E.2d 871, 874, and asserts that "it is the closest case to the case at bar" that he has been able to find. In that case the town denied Gasque a building permit, and after successfully maintaining a proceeding in mandamus against the town officials to obtain the permit, he sued the town for damages. Plaintiff states in his brief that the Supreme Court of South Carolina held that "there had been a taking and damaging" of Gasque's property, but that he could not recover because it was not a taking or damaging for a public use. Apparently plaintiff misread this case. The Constitution of South Carolina, Const. art. 1, § 17, provides that private property shall not be taken for public use, but it makes no reference to damaging, and the ruling of the court was that "we concur in the view expressed by the lower court, that the mere refusal to grant a building permit, under the facts of this case, does not constitute a taking of property in a constitutional sense."

The case we have found which is the most nearly like the pending case on the facts is Whyte v. City of Kansas, 22 Mo. App. 409. Whyte was the owner of a lot fronting on Main street. The city enacted an ordinance to widen the street, and a strip four feet off the front of Whyte's lot was included in the property to be taken for street purposes. Approximately four months before the enactment of the ordinance Whyte had commenced the erection of a building flush with the front of his lot, and at the time of the approval of the ordinance he had constructed the foundation and erected the front columns. Before the passage of the ordinance the assistant city engineer told Whyte the ordinance would be passed and assumed to notify him that he would have to tear down the front of the building and set it back four feet. When Whyte learned that the ordinance

had been approved he did tear down the front of the building and move it back. The project of widening the street as authorized by the ordinance was subsequently abandoned by the city, and Whyte brought suit contending that his property had been taken and damaged for public use without just compensation. It was stated in the opinion that the city could have proceeded much farther in the process of condemnation than just the passage of the ordinance and not have been liable to Whyte in damages. The constitutional provision pertaining to taking or damaging of property for public use was specifically considered, and it was held that by reason thereof Whyte had no cause of action against the city.

 Plaintiff does not contend that there was any physical taking of his property. He does not allege any facts from which it can reasonably be inferred that the Highway Commission has in any way invaded or appropriated any valuable property right which plaintiff had for the legal and proper use of his property. The quantum of plaintiff's interest in and the permissible use of his property has not in any way been reduced. What changes plaintiff made for the future use of his property in expectation that the Highway Commission would purchase or take by condemnation the right-of-way for the proposed highway were entirely voluntary on his part, although possibly ill advised under the resulting circumstances. It has expressly been held that there can be no recovery, by reason of the constitutional provision against taking or damaging private property for public use, for loss or expense resulting from voluntary acts of a landowner in making changes on his premises in expectation that condemnation proceedings will be prosecuted to judgment. Whyte v. City of Kansas, supra; Simpson v. Kansas City, 111 Mo. 237, 20 S.W. 38; McRostie v. Owatonna, 152 Minn. 63, 188 N.W. 52; Gibson Properties Co. v. City of Oakland, Cal.App., 77 P.2d 873, affirmed 12 Cal.2d 291, 83 P.2d 942; James v. City of Toledo, 24 Ohio App. 268, 157 N.E. 309;

Annotations, 31 A.L.R. at page 365 and 121 A.L.R. at page 97. The Highway Commission must, for obvious reasons, have the right to alter or abandon a proposed location of a highway without incurring liability to landowners along the abandoned route. A property owner who voluntarily makes changes on his property in anticipation that a proposed public improvement will be constructed thereon or nearby does so at the risk of losing his investment if the public agency exercises its unquestioned right to abandon the project or move it to a different location.

The judgment is affirmed.

BOHLING and BARRETT, CC., concur.

PER CURIAM.

The foregoing opinion by STOCKARD, C., is adopted as the opinion of the Court.

All concur.