**MARVIN E. NIEBERG REAL ESTATE COMPANY, a corporation, Appellant,**

**v.**

**ST. LOUIS COUNTY and the Missouri State Highway Commission, Respondents.**

**No. 56548.**

Supreme Court of Missouri, Division No. 2.

Jan. 8, 1973.

Joe Bill Carter and Paul Gordon Latt, Clayton, for appellant.

George F. Gunn, Jr., St. Louis County Counselor, Don R. Williams, Assoc. County Counselor, Clayton, for respondent St. Louis County.

Robert L. Hyder, Jefferson City, Thomas H. Pearson, Kirkwood, for respondent State Highway Commission of Missouri.

HOUSER, Commissioner.

Marvin E. Nieberg Real Estate Company, a corporation, brought this action in inverse condemnation against St.

Louis County and Missouri State Highway Commission, charging in Count I a damaging and in Count II the taking of 3.253 acres for public use without compensation and praying for the appointment of commissioners to assess damages. By stipulation the parties first tried to the court the question whether there was a taking or damaging, agreeing that if plaintiff prevailed on that issue a jury would later hear evidence as to damages. The court ruled against the realty company and for the county and highway commission, finding no taking or damaging of property for public use within the meaning of Article I § 26 of the Constitution of Missouri, 1945, V.A.M.S., and the realty company appealed. We have jurisdiction because this appeal involves a construction of the constitution. Hamer v. State Highway Commission, Mo.Sup., 304 S.W.2d 869, and case cited, l.c. 870.

In 1958 the county and the highway commission entered into a written agreement for the selection of supplementary state highways, encompassing proposed right of way for Route D (Outer Belt) Page Avenue Extension. Proposed Route D included the 3.253 acres in question. It was part of a larger tract of 20.045 acres which in 1960 Ken Realty Company (plaintiff's predecessor in interest) contracted to purchase. During 1960 Mr. Nieberg, President of Ken Realty, intending to develop the 20.045 acre tract for subdivision purposes, applied to the county council to rezone the land. The highway department, acting through its district engineer, opposed the application. The district engineer wrote a letter to the assistant director of the county planning commission and sent him a plat showing the center line of proposed Route D passing through the 20.045 acre tract. Rezoning was opposed on the ground that the amount of right of way to be acquired was not precisely known. The zoning commission denied Ken Realty's application. Thereafter, in 1962 and about the time Ken Realty obtained title to the tract, Mr. Nieberg again applied to the county council to rezone the 20.045 acres from B–1 (one-acre lots) to C–2 (12,000 square-foot lots). Mr. Nieberg conferred with the director of the planning commission, who told Mr. Nieberg that if he wanted the rezoning the 3.253 acres "would have to be left out"; that it would be "just a very short time" before the 3.253 acres would be purchased—that the director was "in touch with the county and state highway" and that it was believed that funds were then available to buy this acreage. Thereafter the district engineer again wrote the planning and zoning commission suggesting that action on the application be deferred "until exact needs are established," pointing out that this parcel was located on Route D, Outer Belt, and that on the basis of information then available the highway department anticipated that future right of way would be required from the northernmost part of this acreage. Mr. Nieberg's draftsman who prepared the preliminary and final plats calculated that a maximum of 54.5 lots could be carved out of the 20.045 acres. The public authorities would not entertain a request based upon that number of acres, so the preliminary and final plats of the subdivision, prepared by Mr. Nieberg's draftsman following exchange of letters with the zoning commission with reference to the density development program, described 45 lots, plus required open air space and a strip for walking access to a park area. The planning commission prepared a notice for a public hearing, excluding the 3.253 acres from the application. Mr. Nieberg did not make, consent or object to this change. In all subsequent documentation the legal description omitted the 3.253 acres. Mr. Nieberg attended the hearing. The planning and zoning commission recommended to the council the rezoning of approximately 17 acres of the 20.045 tract, as requested, excluding the 3.253 acres in question. Mr. Nieberg did not protest the exclusion. The council approved the application as amended and enacted an ordinance rezoning the 20.045 acre tract, except for the 3.253 acres. Mr.

Nieberg did not employ counsel or take any other action to appeal the rezoning order or complain about omission of the 3.253 acres. The 3.253 acres was never rezoned. Neither Mr. Nieberg nor any of the corporations of which he was president ever filed an application to rezone the 3.253 acres. To accomplish subdivision of the approximately 17 acres which was rezoned Mr. Nieberg organized Willowyck Building Corporation and in August, 1963 Ken Realty (by deed executed by Mr. Nieberg as president of Ken Realty) conveyed the approximately 17 acres to Willowyck Building Corporation. Mr. Nieberg was also president of Willowyck Building Corporation. He realized that there would be a problem of access to the 3.253 acres. The original plat submitted to the planning and zoning commission provided for such access but according to Mr. Nieberg "you go through possibly two or three preliminary plats to the * * * commission, as a matter of normal procedure, until you reach one that is agreeable and meets all requirements." The final plat made no provision for an entrance to the 3.253 acres because "the Commission was so definite" about the highway taking that acreage. Mr. Nieberg conceded that he never filed a written application and never submitted a plan proposing any entrance from Willowyck Drive into the 3.253 acres. In 1965 plaintiff corporation acquired all of the assets of Ken Realty, including the 3.253 acres, which was conveyed to plaintiff corporation by Ken Realty by quitclaim deed executed by Mr. Nieberg as president of the grantor corporation. After filing this suit plaintiff corporation tendered into court a warranty deed to the county conveying the 3.253 acres to the county, to be delivered upon final determination of the damages to be paid in these proceedings.

Appellant asserts that the circuit court erred in holding that no right of way had been acquired by defendants; erred in finding that the principal reason for not rezoning the 3.253 acres was the highway commission's objection (appellant contending that was the *sole* reason); and erred in ruling that the highway commission's request not to rezone and the county's refusal to rezone was not a taking or damaging of private property within the meaning of the constitution, "since said act unreasonably interfered with and prohibited the use and enjoyment of said property, and further evidenced an unequivocal intention to take the property." Conceding that condemnation proceedings under Chapter 523, V.A.M.S. were not instituted and that defendants did not physically invade the 3.253 acre tract, appellant argues nevertheless that there was a taking or damaging because of the restrictive manner in which the powers to rezone and condemn were exercised by these public agencies, resulting in a limitation on the use of appellant's property and the preservation of the 3.253 acre tract in its unused state for the Route D (Outer Belt) Page Avenue Extension; that neither the county's power to rezone nor the highway commission's power to condemn includes the power to restrict the use of private property based upon an anticipated future public use of land. Appellant submits that defendants exceeded their authority; that they exercised dominion over the 3.253 acres, and that their refusal to rezone the 3.253 acres resulted in an appropriation or damaging of valuable property rights for which compensation must be made.

The judgment of the trial court contrary to appellant's contentions is affirmed.

■ While an actual physical taking of property is not always necessary to a taking or damaging within the meaning of Art. I, § 26 Constitution of Missouri, 1945, it is necessary that there be "an invasion or an appropriation of some valuable property right which the landowner has to the legal and proper use of his property, which invasion or appropriation must directly and specially affect the landowner to his injury." Hamer v. State Highway Commission, Mo.Sup., 304 S.W.2d 869[2]. The quantum of the landowner's interest in and

the permissible use of his property are ordinarily reduced in those cases of inverse condemnation in which recovery has been allowed. Idem., 304 S.W.2d l.c. 874. There must be an unequivocal, positive act of appropriation or divestment of the proprietary rights of the owner, Twiehaus v. Wright City, Mo.Sup., 412 S.W.2d 450, 453; Beetschen v. Shell Pipe Line Corp., Mo.App., 248 S.W.2d 66, 70, and a mere "plotting or planning in anticipation of a public improvement is not a taking or damaging of the property affected." 64 A.L.R. 546. Nor is preliminary procedure looking to the appropriation of land to a public use damage in the constitutional sense. Hamer v. State Highway Commission, supra, 304 S.W.2d l.c. 872[4].

■ The allegedly "restrictive" manner in which the powers of zoning and condemnation are charged to have been exercised did not constitute a taking or damaging within the meaning of the constitution. There was no unequivocal, positive act of appropriation or taking away of property rights. Nor was an unequivocal intention to take the 3.253 acres demonstrated. The execution of the agreement for the selection of supplementary highways; the planning of proposed Route 5; the district engineer's written suggestion to the zoning commission that action on the rezoning application be deferred "until actual needs are established," etc. show nothing more than planning in anticipation of a public improvement—nothing more than preliminary procedure looking to possible appropriation of land to public use. The tentative and equivocal nature of the highway department's planning is borne out by the district engineer's statement that "on the basis of information then available" the department "anticipated" that "future" right of way would be required. No condemnation proceedings were filed. No negotiation for right of way was conducted. There was no physical invasion of the land or other exercise of dominion over the property. There was no demonstrated diminution of property rights; no showing

that the rental value or plaintiff's permissible use of the tract was affected adversely or that tenants moved away or that the land depreciated in value. When the zoning commission refused to include the 3.253 acres in its recommendations for rezoning Ken Realty, acting through its president, Mr. Nieberg, did not protest. When the county council rezoned a part only of the 20.045 acres Mr. Nieberg did not appeal or make any effort to obtain judicial review of the action of the zoning authorities in excluding the 3.253 acres. If the zoning authorities acted arbitrarily, illegally or so unreasonably as to have abused the discretion vested in them the avenue of appeal or a declaratory judgment suit, Casper v. Hetlage, Mo.Sup., 359 S.W.2d 781, was open to Ken Realty, by which a direct attack could have been made on the order and ordinance, but no effort was made in this direction. Mr. Nieberg failed to submit any plan for the rezoning of the 3.253 acres as a separate tract of land. Nevertheless, appellant claims that the use of its property was limited; that it was deprived of access to the 3.253 acres by the actions of defendants, who rejected all attempts to use the land under the County Density Program and required the platting of the subdivision so that the 3.253 acres is landlocked. The circuit court found, and there is evidence to sustain the finding, that after the council passed the ordinance rezoning part of the 20.045 acres Ken Realty filed an application to subdivide that part, "but did not submit any plan for the 3.253 acres excepted from the rezoning. The plan submitted did not provide a means of ingress or egress to the 3.253 acres, even though all of the acreage was owned by said Ken Realty Company at such time." Instead, Mr. Nieberg, acting in apparent agreement with the limitations imposed by the zoning commission, submitted a plan for the subdivision of the approximately 17 acres providing no means of access to the 3.253 acres. Evidently Mr. Nieberg abandoned his original plans for access to the 3.253 acres and did so either because he was so certain that the 3.253 acres would be

taken for highway purposes or, due to his eagerness to develop the approximately 17 acres under C–2 rezoning, he was willing to accede to the exclusion of the 3.253 acres. In either case Mr. Nieberg's failure, with full knowledge of the situation, to take an appeal from the zoning order, to seek rezoning of the 3.253 acres as a separate tract, and to plat the approximately 17 acre tract so as to provide a means of access to the smaller tract, constitutes a studied acquiescence in the lack of access to the 3.253 acre tract from Willowyck Subdivision. From these facts we conclude that any injury sustained by Ken Realty was a self-inflicted wound. Just as there can be no recovery for loss resulting from voluntary acts of a landowner in making changes to his premises in expectation that condemnation proceedings will be prosecuted to judgment and his land taken, Hamer v. State Highway Commission, supra, 304 S.W.2d l.c. 874, so there can be no recovery for excluding a part of a landowner's property from a proposed rezoning where the landowner acquiesces therein in contemplation that the excluded part will be appropriated for public use. The failure of Ken Realty to appeal or seek a judgment declaring the ordinance void for failure to include the 3.253 acres in the zoning, or for failure to preserve a means of ingress and egress to that tract, was "possibly ill advised under the resulting circumstances," but as stated in the Hamer case this does not affect the right of the highway commission to alter or abandon a proposed location of a highway without incurring liability to landowners along the abandoned route.

■ The refusal of the county, acting on the recommendations of its zoning commission, to rezone the 3.253 acres C–2 and its insistence that that acreage be excluded from that which it was willing to rezone, did not constitute an appropriation or damaging of a valuable property right. Ken Realty had no right to have its property rezoned in any particular way. It had no right to a better, higher, or more commer-

cially valuable use. The zoning authorities had a discretionary power to rezone part but not all of a tract proposed for rezoning and the exercise of that discretion has not been challenged in the proper manner.

The judgment of the circuit court was not clearly erroneous, Civil Rule 73.01(d), V.A.M.R., and therefore is affirmed.

STOCKARD, C., concurs.

PER CURIAM:

The foregoing opinion by HOUSER, C., is adopted as the opinion of the court.

MORGAN, P. J., HENLEY and DONNELLY, JJ., and MOSS, Special Judge, concur.