**Don Dean MOORE, et al., Plaintiffs-Appellants,**

v.

**THIEMANN–STINNETT CORP., INC., et al., Defendants-Respondents.**

No. 49140.

Missouri Court of Appeals, Eastern District, Division One.

June 18, 1985.

March 15, 1982, but that the area described in the ordinance was not, in fact, blighted; that these actions stigmatized the area, made appellants' property unmarketable and substantially diminished the market value of the property. Appellants seek damages because "these wrongful acts of defendants ... have resulted in an inverse taking and damaging of all properties in violation of § 26, Article I of the Constitution of the State of Missouri without payment of just compensation for such taking and damaging."[1]

Each defendant filed a motion to dismiss for failure to state a claim. From the order sustaining these motions appellants appeal. We affirm.

In predicating their theory of recovery for damages allegedly resulting from the declaration of the area as blighted upon the constitutional prohibition against a taking or damaging of property without just compensation, Mo. Const. Art. I, § 26, appellants have failed to state a claim upon which relief can be granted. "Under current Missouri law of condemnation, no provision is made for compensating a landowner for the decline in value of his property between the date when the area in which his property lies is declared blighted and the date when the de jure taking occurs." *State ex rel. Washington University v. Gaertner*, 626 S.W.2d 373, 376 (Mo. banc 1982).

Appellants do not dispute this principle, but argue that their allegations imply "bad faith" on the part of the city and the other defendants, thereby bringing their claim within an exception to the general rule. They rely upon *Hamer v. State Highway Commission*, 304 S.W.2d 869 (Mo.1957). There the court, in discussing the rights of a landowner after abandonment of judicially commenced condemnation proceedings, quoted from VI Nichols, Eminent Domain, 3rd ed., § 26.45:

> But it is held, in the absence of bad faith or unreasonable delay upon the part of

Margaret Gangle-Casinger, Clayton, for plaintiffs-appellants.

Louis F. Bonacorsi, Robert J. Gryzmala, Coburn, Croft & Putzell, St. Louis, for defendant-respondent Thiemann-Stinnett, Inc.

Jeffry S. Thomsen, Laura B. Allen, Evans & Dixon, St. Louis, for defendant-respondent City of Richmond Heights.

C. Michael Bakewell, Shifrin, Treiman, Barken, Dempsey, Ulrich & Davis, Clayton, for defendant-respondent Associated Dry Goods.

CARL R. GAERTNER, Judge.

This action was instituted on December 8, 1983, by appellants, individually and as representatives of the property owners within an area designated as blighted by the City of Richmond Heights. That city, Thiemann-Stinnett Corp., Inc. and Associated Dry Goods Corporation were named as defendants. The petition alleges a conspiracy between the three defendants to expand the Stix-Westroads Shopping Center by declaring the surrounding area blighted and granting the corporate defendants the power of eminent domain under the Urban Redevelopment Corporation law, Chapter 353, RSMo.1978. It is further alleged that the blighting ordinance was enacted on

---

**1.** From the briefs and oral arguments, we are advised that the redevelopment plan was never adopted, no power of eminent domain was ever granted and the blighting designation was later rescinded.

the party which instituted the proceedings that the owner is not *constitutionally* entitled to recover such expenses and losses. When the statutes are silent on the subject, no damages will be awarded him.

*Id.* at 873 (emphasis added) (footnotes omitted).

Appellants overlook the fact that the *Hamer* court proceeded to disavow this implication by distinguishing between an action to recover compensation for the taking or damaging of property pursuant to the constitutional provision and an action in tort. *Id. quoting State ex rel. City of St. Louis v. Beck,* 63 S.W.2d 814, 815 (Mo. banc 1933).

Similarly, the decision in *State ex rel. Washington University v. Gaertner, supra,* although based upon purely procedural grounds, refers to damages caused by unreasonable delay between blighting and de jure taking of property as a "personal action sounding in tort" which is inconsistent with the intent of condemnation procedure. 626 S.W.2d at 377–78. This inconsistency is reflected on the face of appellant's petition wherein they invoke the doctrine of inverse condemnation in an effort to recover damages for losses and diminished value with no transfer of title. Inverse condemnation, however, which has constitutional underpinnings, contemplates the transfer of ownership of the fee in return for the payment of just compensation.

We are not unmindful of criticism of the treatment of landowner's damages caused by blighting declarations in Missouri courts. *See Denial of Landowner's Counterclaim: Another Obstacle on the Road to Just Compensation,* 50 U.M.K.C.L.Rev., 353 (1982); *Condemnation Blight: Compensating the Landowner in Missouri,* 48 Mo.L.Rev. 220 (1983). Nevertheless, we are constrained to follow the controlling decisions of the Missouri Supreme Court.

Judgment affirmed.[2]

PUDLOWSKI, P.J., and KAROHL, J., concur.

---

**2.** The defendants have filed motions to dismiss appellants' brief for violation of Rule 84.04(d). The "points relied on" of appellants' brief unquestionably violate this rule by reason of complete absence of any statement of "wherein and why" the action of the trial court is claimed to be erroneous. However, because the motion to dismiss the appellants' brief was taken with the case on its merits and no notice, as required by Rule 84.08(a) was given to appellants, the motions to dismiss are overruled.