ROUTE 304 REALTY CORP., Claimant, *v.* STATE OF NEW YORK, Defendant. (Claim No. 45423.)

Court of Claims, November 29, 1966.

*Romano & Schenker (Joseph F. Romano* of counsel), for claimant. *Louis J. Lefkowitz, Attorney-General (Herbert N. Wallace* of counsel), for defendant.

CAROLINE K. SIMON, J. This is a claim for the permanent appropriation of claimant's land in fee without access, by the State of New York pursuant to section 30 of the Highway Law, which proceeding is described as Coyles Corners-Short Clove, State Highway No. 9005, Map 214, Parcel 245, located in the Town of Clarkstown, County of Rockland. The aforesaid map and description were filed in the office of the Department of Public Works on July 23, 1963, and in the office of the Rockland County Clerk on December 20, 1963, which latter date is stipulated to by the parties as having been the taking date. It was also stipulated that entry upon the property was made by the State on December 9, 1963, and that interest is payable from that date.

The claim was timely filed with the Clerk of the Court of Claims on July 10, 1965, and with the office of the Attorney-General on July 12, 1965, and has not been submitted to any other court or tribunal for audit or determination. Claimant corporation's secretary (and a stockholder) testified that there were no outstanding judgments against the corporation, that there were no proceedings in bankruptcy brought either for or against it, and that the claim had not been assigned by the corporation after its acquisition of the property. The witness and his father are sole owners and officers of claimant corporation.

The court adopts the description of the appropriated property as shown on the map and description referred to above, a copy of which is attached to the claim, and the same is incorporated herein by reference.

Claimant submits proof of ownership of the property through documents and testimony as follows:

A deed dated January 10, 1961 between Florence L. Talmage, grantor, and Sol Mekler and Clara Glotzer, grantees, recorded in the Rockland County Clerk's office on January 16, 1961 in Liber 727 at pages 598 to 600.

Testimony that on December 21, 1964 Sol Mekler and Clara Glotzer conveyed the property to Route 304 Realty Corporation. This deed was recorded in Liber 785 at page 944 in the Rockland County Clerk's office on the same day.

An agreement executed June 7, 1965 between Sol Mekler and Clara Glotzer, assignors, and Route 304 Realty Corp., assignee, by Yale Rapkin, secretary, under the terms of which the assignors have transferred to the corporate assignee all their right, title and interest in and to their claim "against the State of New York for the taking of premises known as Parcel No. 245 on Map No. 214 of Coyles Corners—Short Clove State Highway No. 9005 as aforesaid and to any awards made or to be made therefor and for all damages in consequence thereof." The agreement further provides that the assignors agree to release from their lien as holders of a purchase-money mortgage the premises known as Parcel No. 245 on Map No. 214, provided they receive the "full amount of the award and/or advance payment on account of the amount due on the mortgage, less the legal and experts' fees and disbursements incurred in connection with the condemnation proceeding."

Before the appropriation, the land consisted of 37.58± acres of wooded, uncultivated, vacant land on the westerly side of Goebel Road, with a frontage thereon of 446.65 feet. The terrain was rolling, and the land was generally level, at grade near the road, and rising above grade toward the rear with portions being 15 feet to 25 feet higher than road level.

The court finds, as both appraisers testified, that the highest and best use of claimant's property both before and after the appropriation was for residential development in accordance with the applicable provisions of the zoning ordinance, which designated the area as RA-1, permitting one-family detached residences on minimum plots of 40,000 square feet.

The subject proceeding appropriated in fee 7.868± acres of claimant's property which consisted of an elongated strip approximately 200 feet in width, running from the northeast to the southwest portion of the larger tract, thus creating two separate remainders, one easterly triangular section of 3.15± acres according to claimant's appraiser, and 2.942± acres according to the State, with access on Goebel Road, and a westerly oblong section of 26.582± acres according to claimant and 26.77± acres according to the State, without access either to Goebel Road or to the new Route 304. The court has accepted the acreage sizes as given by the State. Both remaining parcels front on this new road, but derive no benefit from such exposure, since entry is not permitted nor planned at this point, and the taking was without access.

It is the State's contention that the Town of Clarkstown intends to construct a 60-foot right of way which would provide access to claimant's westerly remainder. The court finds that

this was part of the town's master plan, as testified to by its planning expert, and was not a reality on the date of appropriation, December 20, 1963, nor on the date of trial of the claim, and even today remains merely a possibility which may ripen into reality at some future time, estimated as perhaps three to five years from now.

Although the New York State Department of Public Works has approved an access road at station 247, which road would open up claimant's property, the State's witness testified that the State does not intend to build a road there, and no private person has the right to build a road at the access point. Therefore it cannot be a factor in the assessment of damages on the taking date.

Judge FINCH, in *Matter of City of New York (Northern Blvd.)* (281 N. Y. 48, 53 [1939]) has clearly set forth the applicable principle, and although the fact situation was different in the case on which he ruled, the law is applicable here with equal force. "To allow damages to this claimant before proposed and tentative plans come to fruition would bring into the proceeding highly speculative and imaginary elements, which would produce results unfair alike both to the claimant and the city." This position is supported by the decision in *Matter of the City of New York (Exterior St.)* (285 N. Y. 455 [1941]) in which the comment of Judge FINCH, quoted *supra*, is cited at page 462.

The situation as to a possible new road in the instant matter is equally speculative. Therefore the court finds that the westerly remainder is landlocked by the taking and continues to have no access. Claimant does not own the adjoining property, which is held by the Cragmere Corporation. This latter corporation is owned by the same two stockholders as own claimant corporation. The lands owned by the two corporations are separated by a stream over which there were no bridges either on the taking date or at the present time.

Claimant petitioned to rezone its property, and included in the petition a proposed road over the Cragmere property in order to give access. This petition was denied by the local Zoning Board since there was no access to Route 304. It is a fact that after the taking date no access to the public road from claimant's property existed, and the court so finds.

The Town of Clarkstown planning expert testified that no property has been condemned for road-building purposes on claimant's land, nor on Cragmere land, and that no survey for a road has been made, and no tests conducted.

Both appraisers based their opinions on the market approach. During the trial, claimant's comparable sale No. 3 was stricken from consideration and State's comparable sales No. 32 and No. 111 also were stricken. Other comparables were analyzed and adjusted and given such weight as was warranted.

The State's appraiser recognized that the remainder was consequentially damaged and that there has been an upward trend in real property values in the area during the last five years. The court finds the State's appraiser's value of $3,500 an acre at the taking date to be a sound value, and adopts it.

The State's appraiser gave further support for consequential damage in the fact that the irregular shape caused by the State's taking meant that the plot yield per acre would not be as great as was possible from the land shape prior to the taking.

The court finds that the fair and reasonable market value of the subject property before the taking was $131,500; that the fair and reasonable market value of the property after the taking was $57,152.50; and that the amount by which the claimant has been damaged is $74,347.50. Of this amount $27,500 represents direct damage, and $46,847.50 consequential damage based upon 50% damage to the remainder landlocked portion of 26.77± acres.

The claimant is entitled to an award therefor, together with interest thereon from December 9, 1963 to June 20, 1964, and from July 10, 1965 to the date of entry of judgment herein.

The court has viewed the property, and has arrived at its determination independent of the values testified to by the parties' experts, but giving proper weight and consideration to their testimony and to all the evidence, as well as the benefit gained by its viewing of the property.